JONATHAN H. SMITH, appellant, v. JOHN J. BROWN, appellee.

*Appeal from Brown.*

The general rule in Equity is, that time is not necessarily deemed of the essence of the contract, unless the parties have expressly so regarded it, or it necessarily results from the nature and circumstances of the contract.

The parties to a contract may make time of the essence of their agreement, and when this clearly appears to have been their intention, and no peculiar circumstance has intervened to prevent or excuse a strict performance, it must be so considered and treated in Equity. The right to make such agreements cannot be denied, and it is the duty of the Courts to enforce them as made, and not to make new contracts for the parties. The real intention of the parties must govern, and that is to be ascertained from the contract and surrounding circumstances.

BILL IN CHANCERY, &c., in the Brown Circuit Court, brought by the appellee against the appellant and others. The material portions of the bill and proceedings are set out in the Opinion of the Court.

At the April term, 1846, the Hon. Norman H. Purple presiding, a demurrer to the bill was interposed and overruled by the Court. The defendants neglecting to put in an answer, a default was entered, and the bill taken as confessed, &c.

*R. S. Blackwell,* for the appellant.

I. The mortgage from Smith to Pauley, by its terms, was not to take effect unless Pauley paid off and extinguished the mortgage from Parker to the Bank on or before the 15th of October, 1843. This provision constitutes a condition precedent, the performance of which was essentially necessary in order to vest the estate described in the mortgage to Pauley. The bill does not aver a performance of that condition, and therefore shows no title in the complainant to the relief sought. 2 Cruise's Dig. title 13; *Condition,* chap. 1, § 6; Bac. Abr. title, *Condition,* J; 2 Story's Eq. Jur. § 1306.

A strict performance by Pauley in point of time was necessary to save a breach of the condition, time in such a case being of the essence of the contract. The great rule in the interpretation of contracts is, to put such construction upon them as will effectuate the intention of the parties, if such intention be consistent with the principles of law. If the time for performance is made a substantial part of the contract, and not a mere formal circumstance, and enters into the essence of the contract, it cannot be dispensed with by a Court of Law or Equity, any more than any other stipulation the parties may have made, but must be strictly observed. In this case, it is evident from the language used by the parties, that time was contemplated by both as a material and substantial part of the contract. *Tyler* v. *Young,* 2 Scam. 445; *Wells* v. *Smith,* 2 Edwards Ch. R. 78.

II. Equity cannot relieve from the consequences of a condition precedent unperformed. But upon the breach of a condition subsequent which would work a forfeiture or divest an estate, a Court of Equity, acting upon the principle of compensation, will interfere and prevent the forfeiture or divestment, if compensation in damages would be equitable. This seems to be the true distinction regulating the jurisdiction of Courts of Equity relative to conditions. *Wells* v. *Smith,* 2 Edwards' Ch. R. 78, cited in 1 Barbour and Harr. Dig. 304; 2 Story's Eq. Jur. §1324.

III. The bill attempts to avoid the above positions by alleged fraud and mistake in the execution of the mortgage. To which we answer,

1. The charge of fraud is too general. The circumstances constituting the fraud must be specifically set forth in the bill. 2 Scam. 420.

2. The bill does not state with sufficient precision and certainty in what manner the mistake arose. This want of certainty is so great as to make it impossible to grant the relief prayed for.

3. The decree does not proceed on the ground of mistake, inasmuch as it does not attempt to reform the instru-

ment by rectifying the mistake, making the mortgage con-formable to the true intention of the parties and granting relief upon the instrument as reformed.

*J. S. Bailey*, for the appellee.

Time, in this case, is not material, nor was it made so by the agreement of the parties, the intention being the removal of the Bank mortgage. Sugden on Vendors, 516, appendix No. 6.

As to penal obligations, see Pothier on Obligations, 68.

*A. Williams*, for the appellant, in conclusion.

The condition of the mortgage expresses that Pauley should pay the incumbrance held by the Bank upon the property by a specified time. The averments of the bill are defective in not stating *when* the money paid by Pauley was paid. Pauley was to make a perfect title to the property, but the bill contains no averment that he has done so.

The Opinion of the Court was delivered by

TREAT, C. J.*   This was a suit in Chancery brought by Brown against Smith and Pauley.

The bill discloses this state of facts. On the 23d of May, 1843, Pauley sold certain lands to Smith for the consideration of $2,640, of which amount $2,000 was paid, $320 was to be paid on the 25th of July, 1844, and a like sum in one year thereafter. On the same day, the lands were conveyed by Pauley to Smith, the deeds containing covenants of warranty and against incumbrances. There was, at the time, a subsisting mortgage on the lands, made by one Parker to the State Bank of Illinois. On the 25th of July, 1843, Pauley mortgaged certain town lots to Smith to secure the payment of the mortgage to the Bank by the 14th of October, 1843; and Smith executed a conveyance to Pauley subject to a condi-

---

*TRUMBULL, J. having been of counsel in this case, took no part in the decision.

tion in these words: "Provided, always, that these presents are upon this express condition, that if the said Pauley, his heirs, executors, administrators or assigns, shall on or before the 15th day of October, A. D. 1843, pay or cause to be paid to the said State Bank of Illinois, a certain mortgage given by Sidney Parker, A. D. 1836, to the State Bank of Illinois, for the sum of $1200, the said mortgage being upon the said premises aforesaid, which mortgage is recorded in Schuyler county, which mortgage, held by said State Bank, is to be paid by said Pauley, or his heirs, assigns, executors to the said Bank, lawful attorney or attorneys, their heirs, executors, administrators or assigns, the sum of $1200, together with the interest that may accrue thereon at the rate of ten per cent. per annum from the date of said mortgage; a full satisfaction of the Bank mortgage is to be obtained by the said Pauley, which is now a lien upon the premises aforesaid, which the said Smith bought of said Pauley; also a good, legal and equitable title is to be completed to the said Smith; that is to say, if the said Pauley does remove and make out and complete a good, legal and equitable title to the said Smith, that then and from thenceforth this mortgage shall remain in full force in law and equity against the said Smith for the said $600; but if the said mortgage is not removed, and a good, legal and equitable title completed to said Smith, as aforesaid, then this mortgage shall be null and void to all intents and purposes, the law to the contrary notwithstanding; the said $600 is to be paid as follows, to wit: $300 is to be paid in one year from this date, and $300 two years from this date, without interest for the first year, after the first year interest at ten per cent.; provided, the said Pauley does perform the covenant aforesaid, that is, to satisfy, in full, the Bank mortgage of $1200 aforesaid, on the 15th day of October, A. D. 1843, and complete the title to said Smith as aforesaid, then this mortgage, if the said Pauley does perform said covenant, shall remain in full force in law and equity; but if the said Pauley does not perform the covenant aforesaid, in removing the said Bank mortgage of

$1200 and interest aforesaid, which is a lien or incumbrance upon the farm said Smith bought of said Pauley, then this mortgage of $600 is to be from thenceforth, these presents and everything herein contained shall cease and be null and void, anything herein contained to the contrary notwithstanding." This mortgage was assigned to Brown by Pauley on the 27th of July, 1843.

The bill then alleges in general terms that the only object of this mortgage was to secure Pauley in the payment of the balance of the purchase money, and that the other conditions and covenants in the mortgage were fraudulently inserted by Smith; that Pauley paid off the Bank mortgage except the sum of $222·38, which the complainant tendered to the Bank on the 20th of July, 1845, and was then informed that it had been paid by some other person. The bill charges that Smith paid this balance to the Bank with notice that complainant intended to pay it; and that Smith has acquired a complete legal and equitable title to the land purchased of Pauley. The prayer of the bill is for a foreclosure of the mortgage from Smith to Pauley, and for general relief.

Smith filed a demurrer to the bill, which the Court overruled. The bill was then taken for confessed for the want of an answer, and a decree of foreclosure entered. To reverse this decree, Smith prosecutes an appeal.

The allegations of the bill will not authorize a decree amending and reforming the mortgage. No mistake is alleged in the writing of the instrument, nor are any facts or circumstances stated which show that the real understanding of the parties at the time is not correctly expressed. The charge is, that Smith fraudulently inserted provisions in the mortgage variant from the agreement of the parties. If such was the case, why was the mortgage accepted and assigned by Pauley? In what did the fraud consist, and how was it perpetrated? The mortgage must be considered as containing the real contract of the parties.

The question then arises, is the instrument an operative security for the payment of the balance of the purchase

money due from Smith to Pauley. Brown can assert no greater right under it than Pauley. He is bound by all the stipulations appearing on its face.

The general rule in Equity is, that time is not necessarily deemed of the essence of the contract, unless the parties have expressly so regarded it, or it necessarily results from the nature and circumstances of the contract. The parties may make time of the essence of their agreement, and when this clearly appears to have been their intention, and no peculiar circumstance has intervened to prevent or excuse a strict performance, it must be so considered and treated in Equity. The right to make such agreements cannot be denied, and it is the duty of the Courts to enforce them as made, and not to make new contracts for the parties. The real intention of the parties must govern, and that is to be ascertained from the contract and surrounding circumstances. 1 Sug. on Vend. 444; 2 Story's Eq. Jur. § 776; *Benedict* v. *Lynch*, 1 Johns. Ch. R. 370; *Coslake* v. *Till*, 1 Russell, 376; *Williams* v. *Edwards*, 2 Simons, 78; *Andrews* v. *Sullivan*, 2 Gilm. 327. There is no difficulty in ascertaining the intentions of the parties to this instrument. Its provisions are clear and explicit. It is manifest that the parties intended that in the payment of the Bank debt, time should be of the essence of the contract; and that in the event of the non-performance of this condition by a specified day, the mortgage should cease to be operative for any purpose, or in other words, the estate created by the mortgage should be defeated. This is the express stipulation of the parties. The conveyance is to operate as a valid security if the Bank mortgage is discharged by a prescribed time; and if not so discharged, the conveyance is declared "null and void to all intents and purposes, the law to the contrary notwithstanding." The fact, whether the land was to continue to be held in pledge for the payment of the purchase money was made expressly to depend on the prior payment of the Bank debt. If paid within the stipulated time, the mortgage was to become absolute as a

security. Pauley did not perform the condition, and thus render the mortgage valid and effectual. No excuse is pretended for omitting the performance. The mortgage, therefore, cannot be enforced as a subsisting security, and Pauley must resort to his action at Law to recover the purchase money unpaid.

The decree of the Circuit Court is reversed with costs, and the bill dismissed.

*Decree reversed.*