HENRY B. LOCKWOOD

*v.*

JOHN W. DOANE *et al.*

*Filed at Ottawa May 10, 1883—Rehearing denied September Term, 1883.*

1. PARTNERSHIP—*whether it exists—presumption.* Where parties agree to share in the profits of a business, the law will infer a partnership between them in the business to which the agreement relates. This presumption will control until rebutted by proof to the contrary.

2. AMENDMENT—*making new parties plaintiff.* In an action on the case for fraud and deceit in the purchase of goods, where the evidence shows

that other persons than those already made parties had an interest in the profits of the goods sold by the plaintiff, an amendment making such persons co-plaintiffs is properly allowed on the trial.

3. SAME—*omission to make amendment which has been allowed—cured by verdict.* Where an amendment of the papers and proceedings in a case is allowed, making other persons co-plaintiffs in the suit, a failure to make the change in the papers, etc., by interlineation, is nothing more than a technical omission, and is, after verdict, cured by the statute of amendments and jeofails.

4. APPEAL—*reviewing controverted questions of fact.* In an action on the case for fraud and deceit in the purchase of goods, where the judgment is affirmed by the Appellate Court, this court is prohibited from considering the evidence on controverted questions of fact, further than to determine whether the instructions are supported by it.

5. EVIDENCE—*to show fraud in sale or purchase.* To prove a sale of goods fraudulent as to creditors, and the intent of the seller, it is competent to show the manner in which he recently obtained goods from his creditors, as well as the manner in which he disposed of them; and the same rule must apply where a person is charged with fraudulently purchasing goods, knowing his insolvency and inability to pay for them.

6. ERROR WILL NOT ALWAYS REVERSE—*as to improper instructions,* This court will not reverse a judgment for merely technical errors in instructions given, unless it can see that they did or were calculated to mislead the jury. When the instructions, as a series, clearly announce the law of the case, and as favorably as a party has a right to ask, the judgment will not be reversed at his instance.

WRIT OF ERROR to the Appellate Court for the First District;—heard in that court on writ of error to the Superior Court of Cook county; the Hon. R. S. WILLIAMSON, Judge, presiding.

Messrs. DENT & BLACK, for the plaintiff in error:

The declaration is in behalf of one plaintiff only, and excludes the right of either of the others in whose behalf judgment was recovered. On the trial, after the plaintiff had offered his testimony in chief, the court, on motion of plaintiff, ordered that all the papers, etc., be and are hereby amended, by making John R. Adams and Henry J. Sawdy co-plaintiffs. The papers in fact were never amended. This grew out of the fact that it appeared, on the trial, that both

Adams and Sawdy were employés of Mr. Doane, having a percentage in the profits of the business, but no capital invested. For this error the judgment should be reversed. *Commercial Ins. Co.* v. *Treasury Bank,* 61 Ill. 482; *Phillips & Colby Cons. Co.* v. *Seymour,* 91 U. S. 646.

In such an action as this the *quo animo* of the transaction is the fact to be arrived at, and it is competent to show that the party accused was engaged in other similar frauds at or about the same time. The transactions must be so connected in point of time, and so similar in their other relations, that the same motive may reasonably be imputed to them all. *Hall* v. *Naylor,* 18 N. Y. 588; *Lincoln* v. *Claflin,* 7 Wall. 132.

Similar representations to those complained of as false and fraudulent, made at a prior time to third parties, are not competent in an action for fraudulent representations. *Johnson* v. *Beeney,* 5 Bradw. 601. See, also, *Simpkins* v. *Berggren,* 2 Bradw. 101; *Murphy* v. *Brace,* 23 Barb. 561.

Messrs. FLOWER, REMY & GREGORY, for the defendants in error:

It is contended that the court erred in admitting evidence to show false representations made by Lockwood to other creditors, for the purpose of obtaining credit, at or about the same time he made similar representations to the defendants in error. If a vendee obtains goods upon credit, with a preconceived design not to pay for them, such act is fraudulent. *Henneguin* v. *Naylor,* 24 N. Y. 129.

There is a long line of authorities holding this evidence competent, and demonstrating that its competency depends upon its tendency to show a fraudulent intent not to pay for the goods. *McKenney* v. *Dingley,* 4 Greenlf. 172; *Carey* v. *Hotaling,* 1 Hill, 311; *Gray* v. *St. John,* 35 Ill. 138; *Miller* v. *Barber,* 66 N. Y. 558; *Irving* v. *Motley,* 5 M. & P. 380; *Hersey* v. *Benedict,* 15 Hun, 282; *Cragin* v. *Tarr,* 32 Maine, 55; *French* v. *White,* 5 Duer, 254; *Lincoln* v. *Claflin,* 7 Wall.

132.    And similar statements made to a plaintiff after the transaction, have been held admissible, in a well-reasoned case, where Chief Justice GIBSON, of Pennsylvania, delivered the opinion of the court.    *Cummings* v. *Cummings,* 5 W. & S. 553.

Similar principles have been laid down in analogous actions for deceit.    *Beal* v. *Thatcher,* 3 Esp. 194; *Lovell* v. *Briggs,* 2 N. H. 218; *Allison* v. *Matthiew,* 3 Johns. 235; *Rankin* v. *Blackwell,* 2 Johns. Cases, 198.    And in two other cases decided by the Court of Appeals of New York, the principles contended for have been fully sustained and ably expounded. *Johnson* v. *Monell,* 2 Keyes, 655; *Devoe et al.* v. *Brandt,* 53 N. Y. 462.

Persons who agree to share profits are *prima facie* partners.    Ewell's Lindley, 22, 649, 650; *Kuhn* v. *Newman,* 49 Iowa, 424.

The evidence discloses that Adams and Sawdy participated in the profits, and Sawdy speaks of them as members of the firm.    The presumption from this is that they were partners interested in the partnership property, and as such entitled to sue for its recovery or its value.    *Parker* v. *Canfield,* 37 Conn. 250; *Niehoff et al.* v. *Dudley et al.* 40 Ill. 406.

Mr. JUSTICE WALKER delivered the opinion of the Court:

This was an action on the case, for deceit in the purchase of goods by plaintiff in error from defendants in error.    A trial was had, resulting in a verdict and judgment in favor of plaintiff.    The case was removed to the Appellate Court for the First District, and on a trial in that court the judgment of the Superior Court was affirmed, and the record is brought to this court on error.

The record shows that on the trial the evidence disclosed that other parties than the plaintiff who brought the suit were interested as partners in the transaction out of which the suit originated.    On the application of plaintiff the court

ordered "that all papers and proceedings in the case be and are hereby amended by making John R. Adams and Henry J. Sawdy co-plaintiffs," but as a matter of fact there were no interlineations of their names in the declaration, papers and proceedings, ever made, and it is insisted that it was error to render judgment in their favor with their co-plaintiff, Doane. The evidence shows that Adams and Sawdy were to share in the profits of the firm of Doane & Co. Where parties agree to share in the profits of a business, the law will infer a partnership between them in the business to which the agreement refers; but this presumption may be disproved. It is *prima facie* evidence, and will control until rebutted. (*Niehoff* v. *Dudley,* 40 Ill. 406.) That there was such an agreement in this case is proved and uncontradicted. The evidence, then, was sufficient to authorize the allowance of the amendment. Nor was the fact that the papers and the proceedings in the case were not changed by interlineation, more than a mere technical omission, that was cured by the statute of "Amendments and Jeofails," which was adopted to cure just such clerical omissions. The sixth section of that act provides for this character of defects, and supplies such omissions.

We are prohibited from considering the evidence on controverted questions of fact, further than to determine whether the instructions are supported by it. For this reason it was useless for plaintiff in error to devote the last fourteen pages of his argument to the weight of the evidence. That was determined by the Appellate Court, and that, under the statute, precludes our looking into it to determine whether it supports the verdict.

It is urged that the court admitted improper evidence, for which the judgment should be reversed. In this character of cases the rule of evidence is anomalous, but too firmly established to be departed from or changed. It has been held, in a case where it is claimed a sale has been made for

the purpose of hindering and delaying creditors, that to prove the intent of the seller in making the sale, the manner in which he then recently obtained goods from his creditors was admissible, as well as the manner in which he disposed of them. (*Gray* v. *St. John*, 35 Ill. 222.) And, of necessity, the same rule must be applied where a person is charged with fraudulently purchasing goods. No reasonable distinction can be taken. We therefore regard that case as decisive of this question. Under the rule of that case there was no error in the evidence as it went to the jury. All that was exceptionable was excluded, and the proper evidence was fairly limited to the purpose of its admission by instructions given to the jury. We perceive no error in the admission of evidence.

It is insisted that the court erred in giving plaintiff's instructions, and in modifying defendants' instructions. It is urged that some instructions of defendants in error are not properly limited, and are calculated to mislead. If this be so, the defect is cured by others in the series. Nor do we perceive any error in the modification of those given for plaintiff in error. Looking at all the instructions together, we are not able to see that they could have misled the jury. As a series they clearly announce the law of the case, and certainly as favorably for plaintiff in error as he was entitled to have it announced. Where mere technical errors exist in instructions given, unless we can see that they did or were calculated to mislead the jury, to the injury of the party against whom they are given, we will not reverse. We are unable to see that such was the case here.

Perceiving no error in this record the judgment of the Appellate Court must be affirmed.

*Judgment affirmed.*