## G. M. Illingworth v. John E. Parker.

1. PARTNERS—*Who are, as to Third Parties.*—An agreement by which one party was to furnish the materials for, and the other to do the work in the manufacture and sale of a truss, the profits, if any, to be equally divided, constitutes them partners so far as the rights of third persons dealing with them, are concerned.

2. Same—*Agreement to Share Losses.*—Except in cases specially provided for by statute, an agreement to share profits, nothing being said about losses, amounts *prima facie* to an agreement to share losses also. It follows from this, that where no statute interferes, an agreement to share profits is *prima facie* an agreement for a partnership.

**Assumpsit,** for goods sold. Appeal from the County Court of Cook County; the Hon. Orrin N. Carter, Judge, presiding. Heard in this court at the October term, 1895. Affirmed. Opinion filed March 3, 1896.

Rufus King, attorney for appellant.

Gilbert & Gilbert, attorneys for appellee.

Mr. Justice Shepard delivered the opinion of the Court.

An instruction for the appellee was as follows:

" If the jury believe, from the evidence, that the defendants were interested together in the business of the manufacture of the article in question, that one was to furnish the money, and the other the experience and do the work, sharing the profits and the losses, if there were any, of the undertaking, then they were partners, and, as such, would be liable upon any contract made by either in connection with the business.

"And if the jury further believe that there was a contract in this case with either of the defendants and the plaintiff, and that said contract was in regard to the manufacture of said article, and that the plaintiff performed said contract according to its terms, then they must find for the plaintiff, Parker."

We think the instruction stated the law correctly, and that it was applicable to the facts of the case.

The appellant and one Propeck were both practicing physicians, and entered into an agreement for the manufacture and sale of a truss, which had been invented by the latter.

The appellant testified, concerning the agreement between himself and Dr. Propeck, as follows:

" Dr. Propeck is quite an inventor; he interested me in

this truss, and I was to furnish the material and he was to do the work on the truss, and the experimenting. Dr. Propeck and I worked some little time, and I advanced the money to take out the patent.  *  *  *  The profits were to be shared. I had no responsibility in the making of the instrument; that was entirely with Dr. Propeck. I was to furnish the material and he was to do the work."

Dr. Propeck testified on the same point:

"If there came profits out of the business, we were to share it. It was my part of the business to see that the trusses were made." ·

There is no question made but that the appellee was hired by Dr. Propeck to assist in the manufacture of the trusses, nor but that he performed the labor for which he claimed compensation, and that the appellant knew he was assisting Dr. Propeck in such manner. And it was proved, and is admitted that appellant paid appellee the sum of twenty-five dollars on account of the work he performed. It is, however, claimed by appellant that such payment was made at the request of Dr. Propeck, and not because of any liability or obligation on the part of appellant to do so, and the evidence seems to preponderate in favor of that being the case; yet it was a question for the jury to pass upon in view of all the testimony and the proved circumstances.

It was proved, and is not denied, that the appellant did furnish the lathe with which appellee worked, and the materials that were used by appellee, and that the three, appellant, appellee, and Dr. Propeck, frequently consulted together about the work, and appellant himself, whenever testifying of what was done under the agreement between himself and Dr. Propeck, used the plural or joint word "we," as he would in speaking of a joint engagement.

It does not appear that either the appellant or Dr. Propeck, ever said anything to appellee from which he might understand that he was hired by and worked only for Dr. Propeck, and we can not say that, considering all the evidence, the jury were not justified in believing that appellee understood he was working for both appellant and Propeck

under what we think constituted, as a matter of law, a partnership between them.

The appellant has had two trials of the question, one in the justice's court where the suit was begun, and the other before a jury in the County Court, and in both instances with the result of a judgment against him for the same amount. Under the facts, which are probably as complete as they can be made, we have but little doubt that another trial would result in the same way.

Among the instructions given for the appellant was one as follows:

" The jury are instructed that if you believe that the plaintiff was employed by the defendant J. W. Propeck, and not by the defendant Illingworth, and that the work the plaintiff did was done for the defendant Illingworth, then the plaintiff can not recover in this suit, and your verdict should be in favor of the defendant."

That instruction, along with the one already quoted as given for the appellee, presented the whole issue and both sides of it, fully and fairly, as we conceive; and a verdict under them ought not to be disturbed when we consider what the evidence tended, at least, to prove.

The cases cited by appellant, holding that no partnership exists where lands are furnished by one party and the other works them under an agreement to share the product, are inapplicable to the case in hand.

The testimony of both parties to the agreement in question was that the profits were to be shared.   One was to furnish the capital, and the other the labor, and the profits to be divided.   Can it be doubted that under such an agreement the trusses that might be made would constitute partnership property; that an accounting concerning the manufactured property, as well as the profits that might be realized, could be maintained by either party to the agreement; or, in other words, that there was a proprietary interest of each in the business, as well as a sharing in the profits?

" The basis of all partnerships is an agreement to share the

profits arising from some business or undertaking. * * *
Nothing, perhaps, can be said to be absolutely essential to
the existence of a partnership except a community of inter-
est in profits resulting from an agreement to share them.

Except in cases specially provided for by statute, an agree-
ment to share profits, nothing being said about losses,
amounts *prima facie* to an agreement to share losses also.
* * * It follows from this that where no statute inter-
feres, an agreement to share profits is *prima facie* an agree-
ment for a partnership. * * *

If several persons labor together for the sake of gain, and
of dividing that gain, they will not be partners the less on
account of their laboring with their own tools." 1 Lindley
on Partnership (star paging), 7, 12, 13.

And it was said in Lockwood v. Doane, 107 Ill. 235, that
where parties agree to share in the profits of a business, the
law will infer a partnership between them in the business
to which the agreement refers, but such presumption may
be disproved.

And to like effect is what was said in Fougner v. First Nat.
Bank, 141 Ill., where a thorough discussion of the question
may be found. See, also, Niehoff v. Dudley, 40 Ill. 406.

We think that as to a third party, at least, like appellee,
the agreement between appellant and Propeck amounted, in
law, to a partnership with reference to the business of mak-
ing the trusses, and that the judgment must be affirmed,
and it is so ordered.