## Sigmund Eibenschutz v. Emil C. Wetten.

1. CONTRACTS—*Construction of—Intention.*—As between the parties to a contract the intention governs in the construction of the same.

Voluntary Assignments.—Appeal from the County Court of Cook County; the Hon. ORRIN N. CARTER, Judge, presiding. Heard in this court at the March term, 1896. Affirmed. Opinion filed June 11, 1896.

BERNHARDT J. FRANK and P. O'NEIL BYRNE, attorneys for appellant.

CRATTY BROS., GRAY, MACLAREN, JARVIS & CLEVELAND, attorneys for appellee.

MR. PRESIDING JUSTICE GARY DELIVERED THE OPINION OF THE COURT.

The appellee is the assignee for the benefit of creditors of Abe Fink, administering the assets under the direction of the County Court. The assignment was made January 21, 1896.

About six months before that date the appellant and Fink had made an agreement as follows:

"Agreement between Mr. S. Eibenschutz and Abe Fink, located in Chicago, Cook county.

I, Abe Fink, declare that Mr. Sigmund Eibenschutz is entitled to one-half of profits after deducting expenses of all sales of my business located at ——. Should I, Fink, find business profitable, I declare to invest $1,500 (fifteen hundred dollars) on the 1st of October, 1895, or before—otherwise I have the right to close out the stock at any time; at present I have to invest five hundred dollars.

I, Sigmund Eibenschutz, agree to do the buying and selling to my best ability. Both parties have the right to draw every week the profits after deducting the expense.

ABE FINK.<br>S. EIBENSCHUTZ.

Chicago, July 24, 1895."

January 25, 1896, appellant filed in the County Court a petition, the object of which, we will assume—though how it was to be done is not very clear—was to get the assets under the control of a court of chancery, winding up the partnership which the appellant claimed was created by his agreement with Fink.

We regard that agreement as one for compensation for services, not of partnership. It contains no hint that Fink intended to part with any interest in his property, and even if it created a partnership in profits, the stock was Fink's still, as there is no allegation that any undivided profits had accumulated.

The agreement contemplated that all profits would be divided every week, so that Fink would never have more than the equivalent of his investment. This is not a case involving the rights of a third party, as in Illingworth v. Parker, 62 Ill. App. 650.

The question here is, what did the parties themselves intend, and it is not possible to believe that either of them supposed that Fink was giving to the appellant any property in the stock Fink had or would have. Between themselves their intention governs. Bushnell v. Consolidated Ice Machine Co., 138 Ill. 67; Grinton v. Strong, 148 Ill. 587.

This view of the case makes it unnecessary to consider the sufficiency of the clerk's certificate to the record.

The order dismissing the petition is affirmed.