## Benjamin F. Straus and Benjamin Rosenberg, Impleaded, etc., v. Joseph Kohn.

1. PARTNERSHIP—*Usual Characteristics of.*—The usual characteristics of an ordinary partnership, are a community of interest in profits and losses, a community of interest in the capital to be employed, and a community of power in the management of the business engaged in, but an agreement to share profits and losses may be said to be the type of a partnership contract.

2. PARTNERS—*Defined.*—Persons engaged in any trade, business or adventure, upon the terms of sharing the profits and losses arising therefrom, are partners in the trade or adventure.

3. PRESUMPTIONS—*As to Partners—May Be Disproved.*—Where parties agree to share in the profits of a business, the law will infer a partnership between them in the business to which the agreement refers; but this presumption may be overcome by proof to the contrary.

4. SAME—*Sharing of Profits and Losses.*—The sharing of the profits necessarily implies a sharing of losses, there being no agreement to the contrary.

**Assumpsit,** upon a verbal agreement. Trial in the Superior Court of Cook County; the Hon. JOHN BARTON PAYNE, Judge, presiding. Verdict and judgment for plaintiff; appeal by defendant. Heard in this court at the October term, 1898. Reversed and remanded. Opinion filed June 29, 1899.

MORAN, KRAUS & MAYER and SIMEON E. BAUM, attorneys for appellants.

A mere agreement to form a partnership does not of itself create a partnership. The parties must enter on the execution of the agreement before the relation of partners exists between them. Doyle v. Bailey, 75 Ill. 418; Wilson v. Campbell, 5 Gil. 383.

MAX ROBINSON, attorney for appellee, contended that an agreement to share profits, nothing being said about losses, amounts, *prima facie*, to an agreement to share losses also, and constitutes, *prima facie*, a partnership. Illingworth v. Parker, 62 Ill. App. 653; Story on Part., Sec. 55, 60; Collyer on Part., Sec. 79.

Nothing, perhaps, can be said to be absolutely essential to the existence of a partnership except a community of interest in profits resulting from an agreement to share them. Illingworth v. Parker, 62 Ill. App. 653.

The existence of a partnership may be established by circumstantial evidence. Loucks v. Paden, 63 Ill. App. 545.

**Statement.**—Appellants Straus and Rosenberg, with one Leopold Oesterreicher, about February 13, 1891, made the following agreement:

" This agreement made and entered into this 13th day of February, by and between L. Oesterreicher, B. F. Straus and Benjamin Rosenberg, witnesseth :

Whereas, said parties have entered into a contract with one William S. Yost to purchase for their joint account the following described property :

The north three (3) acres of the east half (½) of the northeast quarter (N. E. ¼) of the southwest quarter (S. W. ¼) of the southwest quarter (S. W. ¼), and the west half (½) of the northeast quarter (N. E. ¼) of the southwest quarter (S. W. ¼) in section thirty-five (35), township thirty-eight (38) north, range fourteen (14), east of the third principal meridian, in Cook county, Illinois; and for convenience' sake have taken said contract in the name of B. F. Straus, who now holds the same for the benefit of the parties hereto jointly, and who agree to subdivide said property of record into seventy-six lots and form a syndicate to be known as the Drexel Avenue Land Syndicate, for the immediate sale of said property in lots.

Now, therefore, this agreement witnesseth :

Whereas, said Benjamin Rosenberg has advanced the sum of one thousand and no 100 dollars, to enable the parties hereto to obtain said contract, and said L. Oesterreicher and B. F. Straus have agreed and do hereby agree to dispose of and sell said seventy-six lots or syndicate shares, at a uniform price of four hundred dollars ($400) per lot or share, upon terms to be agreed upon,

Said parties hereby agree with each other for the considerations hereinbefore mentioned, that whatever profits may accrue out of the sale of said property shall be divided among them equally, each to receive one-third thereof.

BENJAMIN ROSENBERG,    [SEAL.]
BENJAMIN F. STRAUS,    [SEAL.]
LEOPOLD OESTERREICHER.    [SEAL.]

Appellee saw and read this agreement the latter part of February, 1891, before he rendered any of the services to recover for which this suit was brought, and says he saw in the agreement the provision that Rosenberg was to put in the money and the other two men were to sell the lots. Appellee made a verbal agreement with Oesterreicher, by which the latter agreed that if appellee would sell nineteen shares of the syndicate, he, Oesterreicher, would guarantee appellee at least $1,000 from the syndicate. At the time the latter agreement was made, Oesterreicher told appellee that Straus and Oesterreicher were to dispose of the lots.

Appellee sold nineteen lots, including eight which he took himself, and made certain payments thereon to Rosenberg, with whom the contracts with the several purchasers were made.

Appellee brought suit, declaring on the common counts against Rosenberg, Straus and Oesterreicher. Straus and Rosenberg each filed separate pleas of the general issue, nonjoint liability verified by affidavit, and the statute of limitations, on which issue was taken. Oesterreicher made no defense. A trial before the court and a jury resulted in a verdict for appellee of $1,340, from which was remitted $340, and judgment rendered for the balance, $1,000, from which Rosenberg and Straus have appealed.

There was no evidence that either Rosenberg or Straus had anything to do with making the agreement between

Oesterreicher and appellee, nor any evidence from which it may be said that they authorized or ratified it, beyond statements made by Oesterreicher to appellee in the absence of Rosenberg and Straus.

At the close of plaintiff's evidence, and also at the close of all the evidence, Rosenberg and Straus asked separate instructions directing the jury to find the issues for defendants.

MR. JUSTICE WINDES delivered the opinion of the court.

The principal question presented is, were Rosenberg, Straus and Oesterreicher partners under the agreement set out in the statement in the sense that the contract of Oesterreicher alone and appellee was binding on Rosenberg·and Straus without their authorization or ratification.

We are inclined to the opinion that the written agreement made Rosenberg, Straus and Oesterreicher partners, but in a limited sense, however.

In Wilcox v. Dodge, 12 Brad. 517–28, this court, in considering the requisites of a partnership, speaking by Mr. Justice McAllister, quotes from Ewell's Lindley on Part., 1, viz.:

" An agreement that something shall be attempted with a view to gain, and that the gain shall be shared by the parties to the agreement, is the grand characteristic of every partnership, and is the leading feature of nearly every definition of the term."

Again, on page 15, the same author says:

" Nothing, perhaps, can be said to be absolutely essential to the existence of a partnership, except a community of interest in profits resulting from an agreement to share them. But although this is so, the usual characteristics of an ordinary partnership, are a community of interest in profits and losses, a community of interest in the capital to be employed, and a community of power in the management of the business engaged in."

Again, on page 18, the same learned and accurate author says :

" But an agreement to share profits and losses may be

said to be the type of a partnership contract. Whatever difference of opinion there may be as to other matters, it admits of no doubt whatever, that persons engaged in any trade, business or adventure, upon the terms of sharing the profits and losses arising therefrom, are partners in the trade, business or adventure."

This court held that an agreement to share the net profits necessarily implied a sharing of the losses.

In Morse v. Richmond, 6 Brad. 168, 171, a somewhat similar contract, for the purchase, subdivision and sale of a tract of land, was held by this court to constitute a partnership, especially because of community of interest in the enterprise, but of such a peculiar sort that in the absence of an express authority to borrow money and of evidence of usage, authority would not be implied in the managing partner to borrow money and give notes which would be binding upon the other partner without his privity or assent. This case was affirmed by the Supreme Court, 97 Ill. 303–10, the court holding that by all the tests laid down in the books there was every element of a partnership in the case. In Ulery v. Ginrich, 57 Ill. 532, the Supreme Court makes a distinction between an ordinary commercial partnership and one organized for mining or for farming purposes, and held that the directors or active agents of the latter will not, as incident to the business, " possess the power to draw or accept bills or to draw or indorse notes for the company. In such cases there must be some proof that an express authority is given for this purpose, or that it is implied by the usages of the business, or the ordinary exigencies and objects thereof."

In Lockwood v. Doane, 107 Ill. 235–9, it was held that " where parties agree to share in the profits of a business, the law will infer a partnership between them in the business to which the agreement refers; but this presumption may be disproved."

In the case at bar, the agreement states the parties to it have purchased by contract, for the joint account of Rosenberg, Straus and Oesterreicher, a piece of real estate, the title to be taken in the name of Straus, who was to hold

the same for the benefit of all the parties jointly; the property was to be subdivided into lots for immediate sale; Rosenberg advanced $1,000 to enable the parties to obtain said contract; that Oesterreicher and Straus have agreed and did thereby agree to dispose of and sell the lots, and that the parties have agreed with each other that whatever profits may accrue out of the sale of said property shall be divided among them equally, each to receive one-third thereof.

This agreement contains the "grand characteristic of every partnership," viz., the provisions with a view to gain, and a sharing of the gain by the parties, and also provides for a community of interest in the subject-matter of the partnership—the land. That makes it a *prima facie* partnership between the parties to the agreement, and there is no evidence to overcome the *prima facie* case. The sharing of the profits necessarily implies a sharing of losses, there being no agreement to the contrary.

Appellants seem to place special reliance on the case of Morton v. Nelson, 145 Ill. 590, as controlling the case at bar, and holding that the agreement in question did not make a partnership. An examination of that case shows that the agreement then under consideration by the court did not show a community of interest in the subject of the alleged partnership. Two of the parties did not pay any part of the purchase money of the land nor of the cost of the building erected on it, nor was there any agreement to that effect, nor does it appear in what way these parties became interested, nor whether they contributed anything toward the joint enterprise by way of labor, services or otherwise. In the case at bar, the clear inference from the agreement is, that the several parties were to contribute equally toward the purchase of the land. Rosenberg advanced $1,000 to enable the parties to obtain the contract of purchase of the land. The purchase was on joint account and it must be presumed each was to contribute toward the purchase money. Oesterreicher and Straus agreed to sell the lots and therefore in that way acquired community of interest in the land, if they were not bound to contribute

toward the purchase money agreed to be paid. The other cases cited by appellant on this point we think are clearly distinguishable from the case at bar.

Appellee had notice, however, of all the provisions of this agreement. He read it and knew that Rosenberg advanced the money to enable the parties to obtain the contract of purchase of the land, and that Straus and Oesterreicher had agreed to sell the lots. We therefore think that while there was a partnership, it was of a peculiar and special sort, of the terms of which appellee had notice.

The right of one partner to bind another in the ordinary commercial partnership is based upon the theory of agency. Here Straus and Oesterreicher were to sell the lots; that was their duty or obligation in the joint adventure, with which Rosenberg was not concerned. The partnership is similar to the farming partnership which was in question in the Ulery case, and the land partnership in the Morse case, *supra*, and we are of opinion that there being no express authority from Rosenberg shown, Oesterreicher had no power to employ appellee to sell lots so as to bind the partnership to such agreement, without the privity or assent of all the members of the firm—in any event, of Rosenberg. As we have seen, there was no proof of any usage in this respect, nor of exigencies or objects of the business, which could be the basis of implied authority, nor was there proof to show a ratification. There was error, therefore, in refusing appellants' instructions to find the issues for defendants.

It follows, if we are correct in holding there was a partnership of the nature indicated, of the terms of which appellee had notice, the court should have excluded evidence of conversations between appellee and Oesterreicher in the absence of Rosenberg and Straus.

We find no reversible error in the rulings of the court excluding evidence offered by appellants, of which complaint is made.

. There was no evidence on which to base the clause, " and the losses " in appellee's first instruction, and that clause should have been eliminated from the instruction.

504    APPELLATE COURTS OF ILLINOIS.

It seems unnecessary to consider the other questions made by counsel as to the instructions, as error in that regard, if any there be, may be avoided on another trial.

The judgment is reversed and the cause remanded.