CHARLES F. JOHNSON, Defendant in Error, *vs.* THE ROYAL NEIGHBORS OF AMERICA, Plaintiff in Error.

*Opinion filed February 23, 1912—Petition stricken April 3, 1912.*

1. BENEFIT SOCIETIES—*when party taking applications is agent of a society.* One who, at the request of a district deputy of a benefit society, takes applications for membership for the purpose of organizing a lodge of the society, to which he is admitted without payment of dues, and the applications taken by him are accepted by the society, must be held to act as the society's agent in taking the applications.

2. SAME—*rule where the agent does not correctly write the answers given by applicant.* If the applicant for membership in a benefit society gives true answers to the questions in the application but the agent of the society writes false answers, the society waives its right to object to the validity of the benefit certificate on the ground that the answers were warranties; and this rule is not affected by the fact that there was a printed request in the certificate that the holder read the copy of the application attached thereto and notify the society if any answers were incorrect.

3. SAME—*purpose of by-law requiring member to be in sound health at delivery of the certificate.* The purpose of a by-law of a

benefit society requiring a member to be in sound health at the time
the certificate was delivered is to protect the society from liability
in consequence of a disease contracted by the member between the
time of the application and the delivery of the certificate.

4. SAME—*when a refusal to give instruction concerning health
of beneficiary at time certificate was delivered is not error.* It is
not error to refuse to give an instruction authorizing a verdict for
the defendant society if the jury believed, from the evidence, that
the member was not in sound health at the time of the delivery of
the certificate, even though the society has a by-law providing that
its liability shall not begin until the certificate is delivered to the
member, who is then in sound health, where there is no evidence
tending to show the member's condition of health had materially
changed between the taking of the application and the delivery of
the certificate, at which time it is shown she was in sound health.

5. SAME—*it is not error to refuse to give substantial repeti-
tions of instructions.* It is not error to refuse to give instructions
the principles of which have been announced in other instructions
given to the jury.

WRIT OF ERROR to the Appellate Court for the Third
District;—heard in that court on appeal from the Circuit
Court of Cass county; the Hon. HARRY HIGBEE, Judge,
presiding.

BENJAMIN D. SMITH, TRUMAN PLANTZ, and J. JO-
SEPH COOK, for plaintiff in error.

MILTON McCLURE, for defendant in error.

Mr. JUSTICE FARMER delivered the opinion of the court:

Amelia Johnson made a written application July 28,
1906, for membership in the Royal Neighbors of America,
a fraternal insurance society, a camp of which was about
to be installed at Bluff Springs, near where the applicant
lived. After passing through the regular channels the appli-
cation was approved, Mrs. Johnson initiated as a member
of the order, and on October 20, 1906, a benefit certificate
for $1500, in which the husband, Charles F. Johnson, was
named as beneficiary, was issued to her. All dues and

sessments were paid on the certificate until the death of Mrs. Johnson, which occurred June 21, 1907. Proofs of death were made in accordance with the requirements of the order but payment of the certificate was refused, and the beneficiary brought this suit in the circuit court of Cass county to recover thereon. Plaintiff below had judgment for the amount of the certificate in the circuit court, from which the defendant appealed to the Appellate Court for the Third District. That court affirmed the judgment, and the case is brought to this court by writ of *certiorari.*

The defense to the suit is based upon the claim that Mrs. Johnson made false answers to certain questions she was required to answer in her application, and that the answers to these questions were warranties and not mere statements or representations. The following are the questions contained in the application, with the answers appended thereto, upon which the plaintiff in error based its refusal to pay the certificate:

"15. Are you now of sound body, mind and health, free from disease or injury, of good moral character, of exemplary habits and a believer in a supreme being?—Yes.

"16a. Have you within the last seven years been treated by or consulted any person, physician or physicians in regard to personal ailment?—No.

"19a. Have you within the last three years used any patent or proprietary medicine?—No.

"19h. Have you ever had any local disease, personal injury, illness of any kind or nature, serious or otherwise?—No."

In a list of questions required to be asked of the applicant by the camp physician, and answers thereto written down by him, was the following:

"31. Have you ever had any disease of the following named organs or any of the following named diseases or symptoms: Heart?—No. Liver?—No. *La grippe?*—No. r any other disease?—No."

To the fifteenth question the answer is written "Yes" and to each of the other questions "No." It is contended the answers to all these questions were warranties; that they were false, and there can therefore be no recovery. It is insisted the proof shows Mrs. Johnson was at the time of her application, and had been for a considerable period of time prior thereto, suffering from disease; that she had been treated by Dr. Bley and other physicians; that her disease was pronounced by Dr. Bley pernicious anæmia, which affected the heart, and that her death resulted therefrom. While the evidence as to the condition of the applicant's health at the time she made application for membership in the order, and for some time previous and subsequent thereto, is quite contradictory, the proof is she had consulted physicians about illness she was suffering from at various times since 1902 and had taken medicines prescribed for her at different times. Some, at least, of the answers to questions propounded to the applicant were untrue, but defendant in error contends that the circumstances under which they were made take the case out of the rule contended for by plaintiff in error.

It appears from the evidence that the local camp of the order of Royal Neighbors of America at Bluff Springs was installed by Mrs. Gilliland, a district deputy. A short time previous to its establishment an effort had been made to install a camp by Mrs. Cartwell, an assistant deputy, but the effort failed. Mrs. Cartwell took the application of Mrs. Johnson, and George Franer testified he was present when the same questions above quoted were asked Mrs. Johnson by Mrs. Cartwell and heard her answers thereto; that she said she had been treated by physicians and had taken patent medicine for the "grippe;" that Mrs. Cartwell told Mrs. Johnson that did not count, and wrote the answers contrary to the true answers made by Mrs. Johnson. After Mrs. Cartwell had failed to secure enough applications for membership to authorize installing a camp,

Mrs. Gilliland, the district deputy, wrote Franer requesting him to procure applications, sent him blanks for that purpose, and stated that when he had secured them she would come and organize the camp. Pursuant to Mrs. Gilliland's request Franer proceeded to procure applications for membership, among them Mrs. Johnson's, and Mrs. Gilliland came and organized the camp. He was admitted to membership in the camp without the payment of any initiation fee, and plaintiff in error received, adopted and acted upon the applications taken by him. Franer testified that when he took Mrs. Johnson's application she told him of illnesses she had had, and that he knew she had taken treatment from physicians but wrote her answers contrary to the true answers made by her, just as Mrs. Cartwell had done. Franer testified that at that time Mrs. Johnson appeared to be in good health, and many other witnesses testified to the same thing.

The Appellate Court held the evidence warranted the conclusion that Franer, in taking the application of Mrs. Johnson, was the agent of plaintiff in error, and we agree with that view. His knowledge was therefore the knowledge of his principal. If, as the evidence of defendant in error tends to show, Mrs. Johnson made true answers to the questions propounded, but Franer, the agent, wrote false answers, plaintiff in error has waived its right to object to the validity of the benefit certificate on the ground that Mrs. Johnson's answers were warranties. (*Royal Neighbors of America* v. *Boman,* 177 Ill. 27; *Farrenkoph* v. *Holm,* 237 id. 94.) The principle applied in these cases is not new in this State but has been uniformly announced and adhered to in a long line of cases. Decisions of courts of other jurisdictions holding a contrary view have never been followed in this State. This rule is not affected by the fact that a copy of the application was attached to the benefit certificate, and there was printed in the certificate a request to the holder to read the application and if any of

the answers were incorrect to notify plaintiff in error's recorder. The agent of plaintiff in error having been informed by Mrs. Johnson of facts contrary to the answers written by him, she was led to believe that the answers written to the questions propounded were, under the facts stated, the proper answers, and nothing is shown to have subsequently occurred to cause her to doubt that her certificate was perfectly valid. Question 31 above quoted was not one of the questions Franer asked of Mrs. Johnson. It was one of a list of questions to be asked by and answered to the camp physician. The camp physician did not testify, but other witnesses present when he wrote the answers to the questions on Mrs. Johnson's application testified they thought he did not read the questions to Mrs. Johnson but simply filled the blanks by writing answers to the questions without reading them to the applicant.

Complaint is made of the court's rulings in giving instructions for defendant in error and refusing instructions asked by plaintiff in error. Under our view of the law there was no error in this respect, nor in the admission or rejection of testimony offered, that calls for a reversal of the judgment.

The judgment of the Appellate Court is therefore affirmed. ·

<em>Judgment affirmed.</em>

Subsequently, on petition for rehearing, the following additional opinion was filed:

Per CURIAM: A rehearing was granted in this case at the December term on the petition of the plaintiff in error, upon the ground that the trial court had erred in declining to give to the jury defendant's twelfth instruction, which reads as follows:

"The court instructs the jury that if you believe, from the evidence, that Amelia Johnson was not in sound health at the time of the delivery of the benefit certificate here

sued on to her, then said benefit certificate never became in force, and your verdict must be for the defendant."

One of the by-laws of the association provided that the liability of the association upon a benefit certificate should not begin until the actual manual possession of the benefit certificate had been delivered to the member and who was then "in sound health," and it is said as the evidence was conflicting upon the question as to whether Amelia Johnson was in sound health on the day the benefit certificate was delivered to her, the court erred in not submitting the question to the jury whether she was in sound health on the day the benefit certificate was delivered to her, and if the jury found she was not in sound health on that day, then the court should have instructed the jury that there could be no recovery upon said benefit certificate. We think it is clear the by-law in question was adopted by the association for the purpose of protecting itself from liability in consequence of a disease contracted by a member subsequent to his application for membership and before delivery to him of the benefit certificate, as in the course of business a considerable space of time might elapse between the date of application and the date of delivery to him of the benefit certificate. In this case the evidence tended to show that Amelia Johnson had been in ill-health for a considerable length of time prior to the time she applied for membership in the association of plaintiff in error, but there was no evidence which tended to show there was any material change in her physical condition between the date of her application and the date of the delivery to her of the benefit certificate, and the evidence was overwhelming in favor of the defendant in error upon the proposition that at the time of the delivery of the benefit certificate Amelia Johnson was in sound health. If there had been any evidence which fairly tended to show a change in the physical condition of Amelia Johnson between the date of her application and the date of the delivery to her of the benefit

certificate the instruction should have been given, but as there was no proof of that kind introduced on the hearing there was no evidence upon which to base the instruction, and if it were held that the by-law was broad enough to defeat recovery if it appeared that Amelia Johnson was not in sound health on the date of delivery of the benefit certificate to her, regardless of when disease was contracted, then the refusal of the instruction was harmless error, as the evidence upon the proposition that Amelia Johnson was in sound health at the time of the delivery of the benefit certificate to her was so overwhelming that the jury could only have found one way upon that proposition. We therefore conclude that the court did not commit reversible error in declining to give to the jury the twelfth instruction offered by plaintiff in error.

It is also urged in the petition for rehearing that the court erred in declining to give to the jury the twenty-fifth instruction offered by plaintiff in error. The office of that instruction was to inform the jury that if Amelia Johnson did not fully disclose the condition of her health in response to all interrogatives propounded to her, the association could not be held to have waived a forfeiture of the benefit certificate here sued on. The principle stated in this instruction was announced in other instructions which were given to the jury. We do not think, therefore, the court committed reversible error in declining to give to the jury the twenty-fifth instruction offered by plaintiff in error, as the jury were fully instructed upon the proposition sought to be submitted by that instruction.

We have again examined this record and have reached the same conclusion that we did at the time the original opinion was adopted and filed. The opinion heretofore adopted will therefore be re-adopted and re-filed and the judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*