Martin Swanson, Administrator of the Estate of Margaret L. Swanson, Deceased, Appellee, v. Prudential Insurance Company of America, Appellant.

Gen. No. 36,705.

Opinion filed June 12, 1933.

HOYNE, O'CONNOR & RUBINKAM, for appellant.

CLYDE L. TODD, for appellee.

MR. PRESIDING JUSTICE McSURELY delivered the opinion of the court.

This is an action upon an insurance policy issued upon the life of Margaret L. Swanson, tried by the court, in which plaintiff had judgment for $533.44. Defendant appeals to this court, saying that the policy provides that it shall not take effect if on its date "the insured be not in sound health," and that plaintiff failed to prove this condition.

The policy was dated March 23, 1931. The insured was a girl 13 years of age; she died August 13, 1931, of *diabetes melitus* and toxic goiter as a contributing cause. Defendant asserts that it was a condition precedent to recovery that plaintiff prove that the insured on March 23, 1931, was in sound health, citing certain supporting cases which seem to hold that the plaintiff has the burden of proving that the insured was in good health at the date the policy was issued. *Dashner v. Federal Life Ins. Co.,* 259 Ill. App. 632 (Abst.); *Dumara v. The Western & Southern Life Ins. Co.,* 268 Ill. App. 626 (Abst.). Plaintiff asserts that this is a matter of defense, citing *Johnson v. Royal Neighbors of*

*America*, 253 Ill. 570; *Fahey v. Chicago National Life Ins. Co.*, 263 Ill. App. 637 (Abst.), and other cases. We think the better reasoning supports this latter view. Manifestly, when an insurance company accepts a risk it will be presumed that it is satisfied with the physical condition of the insured. If it has been misled in this respect, this can be presented in defense. However, in this case there was abundant evidence that the insured was in sound health at the date the policy was issued. Defendant's agent and its assistant superintendent saw the insured March 18, 1931, and certified that they were satisfied she was then in good health, a first-class risk, and recommended that the defendant company accept the risk. Four witnesses who saw the insured frequently during the winter, spring and early summer of 1931, testified that the insured did housework, played games, like jumping the rope, and acted like and appeared to be a normal child in good health. A doctor testifying as an expert said that *diabetes melitus* usually developed in a very short time in a child of the age of the insured; that the disease may develop within one to five months before death, and gave as his opinion that quite probably the insured was in good health on March 23, 1931.

Witnesses testified that the insured was ill only a few days before she died—two or three days. She was attended in her last illness by Dr. Pence. Defendant attempted to show that the death certificate made out by Dr. Pence contained some statements relative to the insured's health prior to the time when he treated her. The certificate was competent only for the purpose of showing the cause and fact of death. Statements in the certificate not based upon facts within the doctor's own knowledge were incompetent. *Howard v. Illinois Trust & Sav. Bank*, 189 Ill. 568; *Henninger v. Inter-Ocean Casualty Co.*, 217 Ill. App. 542.

Dr. Pence did not testify upon the trial, so that there is no competent evidence in the record tending to

dispute the evidence on behalf of plaintiff that the insured was in sound health on the date of the policy.

Defendant seems to question the competency of the evidence of the lay witnesses. Such evidence, although given by non-expert witnesses, is competent. *West Chicago St. Ry. Co. v. Fishman,* 169 Ill. 196; *Chicago City Ry. Co. v. Van Vleck,* 143 Ill. 480.

The evidence showed that defendant waived the filing of formal proof of death. The policy provides that the defendant company will pay the amount of the policy "immediately upon receipt of the due proof of prior death of the insured." No particular form of proof is required. Defendant had two policies on insured's life which were sent to it upon her death; it paid one policy and returned the other (the policy now in suit), denying liability. This was sufficient notice of the death of the insured.

There was no reversible error upon the trial and no substantial defense was presented. The judgment is, therefore, affirmed.

*Affirmed.*

MATCHETT and O'CONNOR, JJ., concur.