Frank S. Smith, Appellee, v. National Life and Accident Insurance Company, Appellant.

Gen. No. 38,893.

Opinion filed October 13, 1936.

DONAHUE & HUBKA, of Chicago, for appellant; FRANK E. DONAHUE and VERNON E. HUBKA, of counsel.

STEBBINS, MCKINLEY & PRICE, of Chicago, for appellee; WILLIAM MCKINLEY and PAUL E. PRICE, of counsel.

MR. PRESIDING JUSTICE MATCHETT delivered the opinion of the court.

In an action based upon an accident insurance policy a statement of claim was filed by plaintiff claiming damages on account of injury said to have been sustained by him on February 18, 1934. An affidavit of merits by defendant denied all liability. There was a trial by jury, and a verdict for plaintiff for $875, on which the court, overruling the motion of defendant for a new trial, entered judgment.

The principal defense interposed by the affidavit of merits was that plaintiff could not recover because of false and fraudulent representations made by him as to material matters, to the effect that no former application for insurance had been rejected, renewal declined, or policy canceled; that he had never made a claim under an accident or health policy; that no such claim by him was ever rejected, and that for five years last past he had not had any sickness or

sustained any bodily injury. These alleged representations were contained in his application for the policy. The plaintiff replied in avoidance by three different and in some respects contradictory affidavits as to the circumstances under which the application was executed.

Upon the trial plaintiff identified and offered in evidence the accident insurance policy and testified as to the facts and circumstances connected with the accident. He also produced the attending physician, who gave medical testimony as to the character of plaintiff's injuries, and then rested his case.

Defendant called plaintiff as a witness under Rule 33 of the municipal court. The application was produced and was identified by plaintiff, who testified that the name attached thereto and the signature thereon were his own. Whereupon defendant offered the instrument in evidence, but an objection by plaintiff was sustained by the court. Upon further examination plaintiff stated that the instrument was not in the same condition as when he first signed it, in that at the time he affixed his signature it was a printed form, was unfilled and in blank, and also that there now appeared three different handwritings on it and also erasures. Plaintiff also said that Mr. Jacobson, the agent of defendant, was there when he signed it; he said Jacobson just took plaintiff's business card and said that he, Jacobson, would take care of the rest, and that if additional information was needed he would call plaintiff over the phone; that afterward the agent called plaintiff by phone.

The witness was asked as to the conversation on the phone, but an objection by plaintiff was sustained. The objection being afterward withdrawn, the witness stated that the agent asked him for his full name, when he was born, and who was the beneficiary, and did not ask anything more; that he did not ask for

plaintiff's weight or height nor what his earnings were, so far as plaintiff could remember; that he did not ask whether he had ever made an application for insurance that was rejected, nor whether he ever had a policy of insurance canceled or any renewal policy refused, nor whether he ever had a claim under a health or accident policy paid. Defendant then re-offered the application (defendant's Exhibit No. 1) in evidence, but an objection on the part of plaintiff was again sustained.

The document which appears in the record as defendant's Exhibit No. 2, one of the affidavits of plaintiff, was shown to the witness and he admitted that it bore his name and signature. Defendant's counsel then offered the document in evidence, but an objection by plaintiff was sustained, although this pleading averred that plaintiff gave true and correct answers to the agent to all the questions contained in the application, while on the contrary plaintiff when testifying as a witness stated that certain of the questions appearing in the application were not asked and that he gave no answer thereto. Plaintiff was then asked whether he had been paid compensation for previous claims made against other insurance companies; whether previous to December, 1931, he had two health and accident insurance policies in the Illinois Commercial Men's Association, whether he had two such policies in the Illinois Commercial Men's Association which were canceled by that company, but objections by plaintiff to each and all these questions were sustained. The jury having been excluded, defendant made the following offer:

"We offer to prove from the testimony of the witness, now on stand, that prior to December 31, 1931, he had two health and accident insurance policies in the Illinois Commercial Men's Association, and that the association is an insurance company; that there was paid to him during the period when he had those

two policies the following claims for compensation: on June 23, 1930, $220 for an injury sustained; that he was paid by the same company and on the same two policies on December 6, 1930, six months later, $250 for another accident. That on December 31, 1931, one year later, he was paid $200 by the same insurance company on the same policies for a third accident; and that on December 31, 1931, the two policies which the plaintiff held in the Illinois Commercial Men's Association were cancelled. We further offer to prove from testimony of this witness, that after the cancellation of these two insurance policies he made application to the Metropolitan Life Insurance Company in December, 1932, for health and accident insurance policy, and that the application to that company was rejected by it; that from the testimony of the same witness, we offer to prove that on August 8, 1932, he made application for a health and accident insurance policy to the Mutual Benefit and Health Association; that the application was rejected by that company. That on April 25, 1933, he made a second application to the same company for a health and accident policy, and that that application was rejected; that he made an application for health and accident policy to the Royal Indemnity Company on August 1, 1933, and that an insurance policy was issued on that application on August 1, 1933, and was cancelled by that company twenty-seven days later, on August 28, 1933.

"We further offer to show from the testimony of the plaintiff that he made application for a health and accident insurance policy to Great Northern Life Insurance Company on December 22, 1933; that he made application for a health and accident insurance policy to the Washington National Insurance Company; the offer of testimony is made to substantiate in every item the allegations made in the affidavit of merits that the plaintiff had been rejected by the in-

surance companies mentioned; that his policies had been cancelled by insurance companies mentioned; that he did receive the compensation mentioned all before the date of our application."

Continuing, counsel offered depositions of four witnesses theretofore taken, with exhibits attached, being photostatic copies of applications theretofore made by plaintiff, all tending to prove the facts as stated in the offer. Counsel further offered (limiting his offer to the purpose of showing knowledge and bad faith on the part of plaintiff) that in all these applications which were prior to the date of the application for the policy issued to plaintiff, plaintiff denied receiving from any insurance company any compensation on an accident policy, and that such statement in each and all of said applications was untrue. Likewise, that in these applications plaintiff stated that no application by him for a health and accident policy was ever rejected, when he in fact knew that such applications had been rejected prior to that time; that like misstatements were made in applications for insurance made subsequent to the one in question, one of them being the application to the Washington National Insurance Company, bearing date October 31, 1933; that the same false representations were made by plaintiff in an application to the Great Northern Life Insurance Company for a health and accident policy. Objections to all these offers were sustained by the court. The defendant then produced the superintendent of the defendant company, who gave evidence tending to show that Jacobson had quit his employment with the company on December 25, 1933; and that he was not available as a witness.

Defendant contends that the court erred in excluding the application. Plaintiff argues that since the application appeared upon its face to have been altered, it was incumbent upon the defendant to produce

satisfactory proof in explanation of the alteration, and he cites *Wolf v. Peoples Bank,* 255 Ill. App. 127, with other cases which it is claimed support this contention. The application is filled out upon printed blanks, evidently prepared by the insurance company for that purpose. The only alteration appearing upon it is in answer to the fourth question as to what the occupation and duties of the applicant were. Apparently the scribe first wrote in answer to this question, "Supervisory only—Office duties, buying and selling, does not work in mill." After writing these words it appears a line was drawn through them which does not obliterate them, and above this answer appeared to have been written with a different quality of ink, "Furniture factory proprietor, office and supervising duties only." There is no claim of fraud as to the fourth question. There was no material or important alteration in the document. It was, therefore, unnecessary to offer extrinsic evidence as to the manner in which the erasure or alteration was made and the purpose therefor.

The rule applicable in such cases is stated in *Anderson v. Augustana College,* 300 Ill. 72, quoted in *Wolf v. Peoples Bank,* 255 Ill. App. 127, upon which plaintiff relies:

"When an alteration is suspicious in appearance and not satisfactorily explained, the conclusion of fact follows against the instrument, but the appearance of the instrument may furnish a satisfactory explanation without extrinsic evidence."

We hold that in this case no explanation of the alteration was necessary and that the court erred in excluding this instrument. Plaintiff contends, however, that since the identical answer contained in the original application also appeared in a copy which was indorsed upon the policy and introduced in evidence, the exclusion of the original was at the most

merely a technical error, which was harmless. The blanks in the original application are written in long-hand and in ink. The signature of the plaintiff thereto is in his own handwriting. Defendant was entitled to have this original evidence submitted to the jury.

Plaintiff contends further that where an applicant signs an application in blank and relies upon the agent of the company to complete it, and false answers are inserted in the application by the agent of the company, the company is then estopped from avoiding the policy on the ground of fraud in the answers, and this irrespective of whether a copy of the application is attached to the policy. Plaintiff cites a number of authorities: 4 Couch on Insurance, sec. 842b, page 2736; Cooley's Briefs on Insurance, second edition, vol. 5, p. 4111; *German Ins. Co. v. Miller*, 39 Ill. App. 633; *Royal Neighbors of America v. Boman*, 177 Ill. 27; *Johnson v. Royal Neighbors of America*, 253 Ill. 570; *Niemann v. Security Benefit Ass'n*, 350 Ill. 308. Plaintiff says his testimony to the effect that he signed the application in blank, and that the material answers to the questions were written in by defendant's agent, Mr. Jacobson, is undisputed in the record, and that the rule stated in these cases is therefore applicable. The cases cited are distinguishable in that it appeared in each of them that there was a complete and truthful disclosure of the facts by the applicant which the agent deliberately mistranscribed. More-over, while plaintiff's evidence on this point is un-contradicted in the record, this is only true because the court erroneously, as we hold, excluded evidence offered by defendant to the contrary, as stated in one of plaintiff's variant affidavits of merits. As defend-ant points out, these variant affidavits show a rather continuous evolution. First plaintiff said that he signed a completed application in typewritten form without reading it; second, that he answered all the

questions, but signed the application in blank. Upon the trial he stated that he signed in blank and answered none of the questions in the application. The court erred in excluding the verified pleading which tended to contradict plaintiff's testimony and erred in excluding the offer to show that the material answers in the application as to former insurance transactions were false and made for a fraudulent purpose. For these errors the judgment must be reversed, and the cause remanded for another trial.

As the issues must be tried before another jury, we think it only fair to state that in the opinion of this court for the purpose of showing a fraudulent intention, evidence of similar false representations made by the plaintiff in other and later insurance applications to other companies is admissible. *Gray v. St. John,* 35 Ill. 222; *Lockwood v. Doane,* 107 Ill. 235; *Taylor Coal Co. v. Dawes,* 220 Ill. 145; *Penn Mut. Life Ins. Co. v. Mechanics' Savings Bank & Trust Co.,* 72 Fed. 413.

For the reasons stated the judgment is reversed and the cause remanded.

*Reversed and remanded.*

O'CONNOR and McSURELY, JJ., concur.