**Mary Krajewski, Administratrix of Estate of Leonard Krajewski, Deceased, Appellee, v. Prudential Insurance Company of America, Appellant.**

**Gen. No. 40,848.**

Denis E. Sullivan, P. J., dissenting.

Heard in the third division of this court for the first district at the October term, 1939. Opinion filed April 10, 1940.

Hoyne, O'Connor & Rubinkam, of Chicago, for appellant; Nathaniel Rubinkam and Ira W. Hurley, of Chicago, of counsel.

L. A. Wescott and Lloyd T. Bailey, both of Chicago, for appellee; J. Theodore Kiggins and Joseph W. Bailey, both of Chicago, of counsel.

Mr. Justice Burke delivered the opinion of the court.

On September 15, 1932, Leonard Krajewski made three applications to defendant, each asking that his life be insured in the sum of $500. Although the applications were taken on September 15, 1932, the insurance agent, J. Kulczynski, filled in the dates as of the 15th, 16th and 17th of September. The applicant gave his residence address as 2325 Rice street, Chicago, his age at his next birthday as 38 years, and that he was born in Poland on September 18, 1894. In answer to the first part of interrogatory No. 17, "What is the present condition of health?" he answered "Good." In answer to the second part of the same interrogatory, "When last sick?" he answered "Never." In answer to interrogatory No. 18, "Does any physical or mental defect or infirmity exist?" he answered "No." In answer to interrogatory No. 19, "Has life proposed ever suffered from . . . cancer . . . ?" he answered "None."

At the bottom of one application, appeared the following statement, signed by the agent: "I Certify

that I have this *15* day of *Sept., 1932,* collected *84* cents in advance and have personally seen the applicant herein named, who has been asked all the above questions and has answered as reported above, and I recommend the Company to accept the risk. The signature above was made by the applicant in my presence.'' The certifications on the other two policies are the same, except that the agent filled in the date as of the 14th and 16th of September. On September 19, 1932, the defendant issued and delivered to Leonard Krajewski three life insurance policies, each in the sum of $500. Each called for a premium of 42 cents a week and on his death was payable to the executor or administrator. Each policy contained a provision which reads: ''PRELIMINARY PROVISION.—This Policy shall not take effect if the Insured die before the date hereof, or if on such date the Insured be not in sound health, but in either event the premiums paid hereon, if any, shall be returned.'' The policies issued are known as ''industrial policies'' and no medical examination is required. The insured died on October 14, 1932, 24 days after the policies were issued. On September 17, 1935, Mary Krajewski, administratrix of his estate, filed her complaint against defendant in the superior court of Cook county and therein sought to recover $1,500, plus interest. On October 21, 1935, defendant filed its answer and admitted the issuance of the policies; that the insured died on October 14, 1932; invited attention to the clause that the policies shall not take effect if the insured ''be not in sound health'' at the time the policies were issued; averred that the policies were issued pursuant to applications purported to have been signed by Leonard Krajewski; asserted that by reason of the fact that Leonard Krajewski was not in sound health on the date the policies were issued, and that by reason of ''misrepresentations made in the applications'' it was not liable in any sum, except for $10.08, which represented the premi-

ums paid on the policies and which amount it tendered the plaintiff. On December 15, 1938, while the cause was on trial, defendant was permitted to file an amendment to its answer, which declares that the applications were not signed by Leonard Krajewski, but were signed by someone else for the purpose of inducing defendant to issue the policies, and that the execution of the applications was a fraud upon defendant. The case was tried before the court and a jury, which returned a verdict against defendant in the sum of $1,950. At the close of all the evidence, defendant moved the court to direct a verdict in its favor, which motion was overruled. The defendant also moved for a new trial, for a judgment notwithstanding the verdict and in arrest of judgment, all of which motions were denied. On December 16, 1938, the court entered judgment on the verdict, to reverse which this appeal is prosecuted.

The first point urged by defendant is that it was plaintiff's burden to establish that the insured was in sound health on the date of the issuance of the policies, and that plaintiff did not sustain such burden. In support of its position, it cites the case of *Sheets v. Metropolitan Life Ins. Co.*, 298 Ill. App. 631 (Abst.); *Schmidt v. Prudential Ins. Co. of America*, 287 Ill. App. 431; *Daniels Motor Sales Co. v. New York Life Ins. Co.*, 220 Ill. App. 83. Plaintiff cites cases which she states support the proposition that the burden to prove that the insured was in sound health on the date of the issuance of the policies was on defendant. In *Swanson v. Prudential Ins. Co. of America*, 271 Ill. App. 309, 310, this court said: "Defendant asserts that it was a condition precedent to recovery that plaintiff prove that the insured on March 23, 1931, was in sound health, citing certain supporting cases which seem to hold that the plaintiff has the burden of proving that the insured was in good health at the date the policy was issued. *Dashner v. Federal Life Ins.*

*Co.,* 259 Ill. App. 632 (Abst.) ; *Dumara v. The Western & Southern Life Ins. Co.,* 268 Ill. App. 626 (Abst.). Plaintiff asserts that this is a matter of defense, citing *Johnson v. Royal Neighbors of America,* 253 Ill. 570; *Fahey v. Chicago National Life Ins. Co.,* 263 Ill. App. 637 (Abst.), and other cases. We think the better reasoning supports this latter view. Manifestly, when an insurance company accepts a risk it will be presumed that it is satisfied with the physical condition of the insured. If it has been misled in this respect, this can be presented in defense.'' See also *Middleton v. North American Protective Ass'n,* 260 Ill. App. 288. We are convinced that logic and justice support the rule that the burden is upon the insurance company to prove by a preponderance of the evidence that the insured was not in sound health on the date of the issuance of the policies. Hence, under the pleadings in the instant case, the burden was upon defendant to prove that the insured was not in sound health on the date the policies were issued. It is interesting to observe that during the trial defendant insisted on assuming the burden of proof to establish that the insured was not in sound health on the date the policies were issued, and also the right to open and close the argument to the jury. Defendant's actions on the trial are inconsistent with its attitude in this court.

The second point urged by defendant is that the fraudulent misrepresentations of material facts which were made in the applications, rendered the policies sued on, void, and barred recovery by plaintiff. Defendant relies on *Western & Southern Life Ins. Co. v. Tomasun,* 358 Ill. 496, and *United States Fidelity & Guaranty Co. v. First Nat. Bank of Dundee,* 233 Ill. 475. Plaintiff repels the contention by stating that the materiality of alleged fraudulent misrepresentations must be alleged and proved; that statements made in the application (the application not being made a part of the policy) are not warranties and need be only

substantially true, and that the question as to whether or not fraudulent misrepresentations of material facts were made by the insured and the question as to the state of health of the insured at the time of the signing of the applications and delivery of the policies, were questions of fact properly submitted to the jury. Plaintiff cites *Luke Grain Co. v. Illinois Bankers Life Ass'n*, 263 Ill. App. 576, and other cases. We have examined the pleadings and find that defendant's answer does put in issue the proposition as to whether the insured was in sound health. The defendant's answer also averred that the insured was afflicted with syphilis on September 19, 1932. There was no proof as to this averment. The amendment to the answer charged that the applications were not signed by Leonard Krajewski, but were signed by someone else for the purpose of defrauding the defendant. There was no serious effort to establish the latter allegation. Defendant proved by two physicians connected with the University of Chicago clinic of the Billings Memorial Hospital, and by the records of the hospital, that the insured entered the clinic as a patient on August 1, 1932, and was discharged on August 9, 1932, and that he was suffering from the ravages of cancer. An examination disclosed cancer lesions in his spinal cord, with evidence of disfunction of the legs due to lesions. One of these physicians testified that the insured had a fatal disease. The diagnosis was verified by X rays, which showed the tumors to be cancerous. Plaintiff, who is the widow, testified that her husband was always employed and that he worked until a week before his death. The testimony of the widow was corroborated by that of her daughter. The agent testified that when he delivered the policies to the insured, the latter "was healthy." This agent certified that he saw the applicant and recommended acceptance of the risk. Another agent for the defendant testified that shortly before the instant applica-

tions were made, he was asked to write a policy covering the life of the insured, which he declined to do because he observed that the insured was sick. A physician who attended the insured, testified that in June or July, 1932, the insured was suffering from lumbago and could not straighten up. Another physician testified that he saw the insured early in October, 1932, and found him to be a very sick man, confined to his bed, and unable to use his legs. His diagnosis was that the insured was suffering from some wasting disease, and that he (the insured) was suffering from some malignant growth. A woman who lived nearby testified that she saw the insured in July, 1932, at which time he was lying in the yard of his home; that he looked sick; that ''I thought he was already dead, he was so pale and dry.'' She admitted that she was not on friendly terms with insured's family. Counsel for plaintiff infer that the person who was in the Billings Memorial Hospital was not the insured. The hospital records show that the patient bore the same name as insured, lived at the same address; that the Christian name of his wife was the same; that his occupation was that of cabinet maker, which was the occupation which insured pursued; and that his family physician was Dr. Growtowski, the physician who testified he attended the insured. A perusal of the transcript of the testimony convinces us that reasonable men could not come to a different conclusion than that the Leonard Krajewski who was a patient in the clinic from August 1, 1932, to August 9, 1932, was the insured. In fact, no one makes any direct denial of that fact.

The following language from the case of *Western & Southern Life Ins. Co. v. Tomasun,* 358 Ill. 496, at p. 502, is applicable to the case at bar:

''In an equitable action for the cancellation of an insurance policy upon the ground that misrepresentations had been made as to facts material to the risk, it is not essential that the applicant should have wil-

fully made such misrepresentations knowing them to be false. They will avoid the policy if they are, in fact, false and material to the risk even though made through mistake or in good faith. . . .

"We thus find the authorities firmly established that it was not necessary to an avoidance of the policy that Mrs. Tomasun should know that her answers were untrue, altho that she did know them to be untrue we can hardly find room to doubt upon the record presented."

A careful examination of the record establishes that at the time of the making of the applications and of the delivery of the policies, the insured was not in sound health. We are convinced that the verdict is against the manifest weight of the evidence. Therefore, the judgment of the superior court of Cook county is reversed and the cause remanded.

*Reversed and remanded.*

HEBEL, J., concurs.

DENIS E. SULLIVAN, P. J., dissents.