CASE 76—ACTION BY ANNIE M. MOORE AGAINST METROPOLITAN LIFE
INS. CO, UPON A POLICY ON THE LIFE OF ABRAM R. MOORE FOR
HER BENEFIT.—FEB. 16.

# Metropolitan Life Insurance Co. v. Moore.

117    651
132    546

117    651
f138    365

### APPEAL FROM HOPKINS CIRCUIT COURT.

JUDGMENT FOR PLAINTIFF. DEFENDANT APPEALS. AFFIRMED.

LIFE POLICY—SOUND HEALTH AT TIME OF DELIVERY—TENDERING BACK
PREMIUM.

Held:  1. Condition in a life policy that it is not binding unless
on the date of delivery the insured is in sound health, applies
only to unsoundness of health arising after the application and
medical examination.
2. To prevent recovery on a life policy by reason of the condition
that it is not binding unless insured is in sound health at the
date of its delivery, the insurer should tender back the pre-
mium received by it.

R. H. CUNNINGHAM AND F. M. SACKETT, COUNSEL FOR APPELLANT.

### PROPOSITIONS AND AUTHORITIES.

The only question on appellant's appeal arises as follows:
1. Issues presented in pleadings were not tried by court.
2. Judgment was given on face of pleadings for plaintiff, while
the defense that the breach of a condition precedent to the right
to recover was still an issue and untried.
3. Where a policy of life insurance provides that the obliga-
tion of the policy does not attach unless on the date of delivery
the insured is in sound health; and where such is set up in
answer and it is alleged on that date the insured was not in
sound health, a valid defense to recovery on the policy is made.
19 Am. & Eng. Ency. Law, 2d ed., p. 61; M. L. I. Co. v. Howe,
62 O. S., 204; Carson v. M. L. I. Co., 1 Pa. Sup. Co., 572;
Plumb v. Penna M. L. U. Co., 108 Mich., 94; Packard v. M.
L. I. Co., Jan. 6, 1903, 71 N. H.

Metropolitan Life Ins. Co. v. Moore.

JOHN G. B. HALL AND C. J. WADDELL, ATTORNEYS FOR APPELLEE.

The sole question presented on this appeal is this: Did the lower court err in rendering judgment on the face of the papers without, according to defendant, a jury trial on its supposed defense that the policy never became a binding contract because insured was not in sound health when the policy was delivered?

This attempted defense is not available for reasons shown on the face of the papers. .

1. The provision as to the applicant being alive and in sound health when the policy is delivered, refers solely to a change in condition from that existing at the time of application and medical examination, and "sound health" is co-ordinate with "alive," both in logical and grammatical connection. Condition No. 1, simply means, that there has been no material change in his health between the date of application, when the risk was accepted, and the date of the delivery of the policy. 42 L. R. A., p. 276.

2. A condition like No. 1, will be strictly construed against the company. The delivery of the policy made a *prima facie* case for the plaintiff as all authorities now hold, and the company must allege and show, definitely and certainly, good reasons for enforcing such provisions inserted exclusively for its benefit. Forfeitures after the death of insured are peculiarly odious.

3. Even admitting that insured was not in sound health when the policy was delivered, yet the pleadings admit that the company made its own investigation and assumed the risk, and charged a higher premium on the basis that he was not a sound risk.

4. It is elementary that an insurance company can not collect and retain the premium, and claim there was no insurance. The defendant will not be permitted to say that the policy was never binding until it shall pay back or tender back the premium collected, and this must appear in the pleading. This has not been done.

5. The attempted defense is wholly devoid of merit either legal or equitable.

[Note by Reporter.—The supplemental brief of appellee containing list of authorities cited, is not in the record.]

OPINION OF THE COURT BY JUDGE PAYNTER—AFFIRMING.

This appeal brings in review the judgment of the court

on a policy for $5,000 on the life of Abram R. Moore for the benefit of the appellee, Annie M. Moore. The policy did not have attached to it a correct copy of the application as signed by the applicant, and, not being so attached, section 679, Ky. St., 1903, declares that it shall not be received as evidence in any controversy between the parties to or interested in the policy, and shall not be considered a part of the policy or of the contract between such parties. Provident Assurance Society v. Beyer (23 R., 2460) 67 S. W., 827; Rice v. Rice's Adm'r (23 R., 635) 63 S. W., 586; Manhattan Ins. Co. v. Myers (109 Ky., 372, 22 R., 875) 59 S. W., 30; Provident Assurance Society v. Puryear's Adm'r (109 Ky., 381, 22 R., 980) 59 S. W., 15; Supreme Commandery v. Hughes (114 Ky., 175, 24 R., 984) 70 S. W., 405. In view of the statutes as interpreted by this court, the application can not be considered in determining the rights of the parties to this controversy.

There is another defense based upon a condition in the terms of the policy itself, and which is as follows: "No obligation is assumed by this company upon this policy until the first premium has been paid, and the policy duly delivered, nor unless upon the date of delivery the insured is alive and in sound health." It is pleaded in the answer that the insured was not in sound health when the policy was delivered, and therefore it is argued that the policy is void, and never created any obligation upon the company. The policy seems to have been delivered on the 6th of November, 1901, and the insured died in June, 1902. It was not pleaded that there had been any material change in the health of the insured between the date of the application and the time the policy was delivered. The information obtained by the application and the medical examination necessarily relates to the family history of the insured, his previous con-

dition of health, and the condition of his health at the time
of the examination. It will be observed that in the condi-
tion quoted it is stated the policy is not binding "unless
upon the date of delivery the insured is alive and in sound
health." This clause does not have reference to any un-
soundness of health at the time of or previous to the appli-
cation and medical examination. Although insured had not
been in sound health at that time, and there had been no ma-
terial change since then and the delivery of the policy, the
clause would not render it void. When it is not shown, as in
this case, that the unsoundness of health did not occur between
the application and medicinal examination and the delivery of
the policy, the company must rely on the statements in the ap-
plication to avoid a recovery on the policy, not upon the clause
in question. As to what is the meaning of the words "sound
health," it is unnecessary here to define or to state what un-
soundness of health would prevent recovery, nor as to what
delay would estop the insurance company from pleading the
clause of the policy referred to as a defense to an action on
the policy.

There is another reason why the appellant did not show
its right to prevent a recovery upon the policy. The annual
premium on the policy was $295.15. If its theory be correct
that the insured was not in sound health, and the policy was
not obligatory upon it, then before it could prevent a re-
covery on the policy it should have tendered back the pre-
mium it received. If the policy created no obligation on it,
then the company assumed no risk for which it was entitled
to be paid the $295.15, or any part of it, nor is it entitled
to withhold it. It has not earned any part of it. Suppose
the company had brought an action to cancel the policy for
the reason that the insured was not in sound health when it
was delivered. Most certainly would it have been necessary

for it to tender back the money it had received to maintain the action. The mere fact that the insured had accepted the policy when not in sound health, and for that reason it was not obligatory, upon the company, would not impose a penalty of $295.15 for the benefit of the company. When a party seeks to cancel a contract upon the ground of fraud or otherwise, he must first offer to restore what he received in consideration of the contract. If A. practices fraud upon B. in the exchange of property, and B. seeks to recover the property which he let A. have, he is not entitled to maintain an action, unless he tenders back what he received in the trade. This rule is applicable to the case at bar.

The judgment is affirmed.

Petition for re-hearing by appellant overruled.