## Western & Southern Life Ins. Co. v. Davis.

(Decided December 15, 1910.)

### Appeal from Jefferson Circuit Court (Common Pleas Branch, Second Division).

Life Insurance—Provisions of Policy—Evidence Heard—Finding of the Jury.—On December 28, 1909, appellant issued to Lindley Buckler a policy of insurance on his life for $205.00 in which his wife was named as beneficiary. On April 27, 1909, Buckler and his wife had appellee Davis, a creditor, substituted as beneficiary in place of Mrs. Buckler. On July 26, 1909, seven months after the delivery of the policy Buckler died. Appellant refused to pay Davis the insurance and he sued to recover it. The jury returned a verdict for Davis and the company appeals. The policy provided: "This contract shall not be operative or in force unless the first weekly premium has been paid and the assured is alive and in good health upon the date and delivery hereof." Appellant pleaded that the insured was not in good health upon the date and delivery of the policy. Appellee filed with his petition what purported to be a copy of the application and medical examination. This on motion of appellant, was stricken from the files. As the application was not attached to the policy the court properly sustained the motion. Two or three witnesses testified that Buckler looked all right and seemed to be in good health and was able to do good work. Dr. Munsey, who had been the insured's physician for a number of years and who was introduced by appellee, testified that he attended Buckler between June 11, 1907 and March 25, 1909, that he had hemorrhage of the lungs on June 11, 1907, and his lungs were not healed when he saw him again on October 8, 1907; that he attended him January 13, 1908, which was two weeks after the delivery of the policy, and he was then in the same condition as he was before—suffering from tuberculosis. Dr. Wilson testified that he examined Buckler June 10, 1909 and he was then in an advanced stage of tuberculosis and in his opinion he had had it at least a year and a half or two years prior to the time of examination. Miss Robbins, a witness for appellant, and one of the trained nurses at the Anti-Tuberculosis Dispensary testified that Buckler was in a very advanced stage of consumption when received at the hospital and in his condition indicated he had had the disease at least as far back as December, 1908, when the policy was issued. Held, that inasmuch as there was no pleading and no testimony tending to show that the insured was not in as good health when the policy was delivered as when the application was made, the appellant had failed in its defense.

JAMES QUARLES for appellant.

H. J. GRAHAM, and L. A. HICKMAN for appellee.

Opinion of the Court by William Rogers Clay, Commissioner—Affirming.

On December 28, 1908, appellant, Western & Southern Life Insurance Co. issued to Lindley Buckler a policy of insurance on his life in the sum of $205.00. His wife, Sarah Buckler, was named as beneficiary. On April 27, 1909, Buckler and his wife applied to appellant to have appellee, Richard Davis, a creditor, substituted as beneficiary in place of Sarah Buckler. On July 26, 1909, which was about seven months after the delivery of the policy, Lindley Buckler died. Appellant having declined to pay appellee, he brought this action to recover the amount of the insurance provided for in the policy. The jury returned a verdict in favor of appellee, and the insurance company appeals.

The policy sued upon contains the following provision:

"This contract shall not be operative or in force unless the first weekly premium has been paid, and the assured is alive and in sound health upon the date and delivery hereof."

Appellant predicated its defense upon this provision of the policy, and pleaded that the insured, Lindley Buckler, was not in sound health upon the date and delivery of the policy.

Appellee filed with his petition what purported to be a copy of the application and medical examination. On motion of appellant, this exhibit was stricken from the files. As the application was not attached to the policy, the court properly sustained this motion. (Ky. Stats., section 679: Southern States Mutual Life Insurance Co. v. Herlihy, 138 Ky., 359.)

Two or three witnesses testified that Lindley Buckler looked all right and seemed to be in good health, and was able to do work. Dr. George T. Mumsey, who had been the insured's physician for a number of years and who was introduced by appellee, testified that he attended Buckler quite a number of times between June 11th, 1907, and March 25th, 1909. He treated Buckler for hemorrhage of the lungs on June 11th, 1907. His lungs had not healed when he saw him again on October 8th, 1907. He attended Buckler January 13th, 1908, which was two weeks after the delivery of the policy. At that time he was in the same condition as he was before, i. e.

he was suffering from tuberculosis. For appellant, Dr. Dunning S. Wilson testified that he had given a special study to the subject of tuberculosis. He was then in charge of the Louisville Anti-Tuberculosis Dispensary. He examined Buckler June 10th, 1909, and found that he was in an advanced stage of tuberculosis. In his opinion, Buckler had had tuberculosis for at least a year and a half or two years prior to the time of the examination. Miss Alline Robins, a witness for appellant, and one of the trained nurses at the Anti-Tuberculosis Dispensary, testified that Buckler was in a very advanced stage of consumption when received at the hospital, and his condition indicated he had had the disease at least as far back as December, 1908, when the policy was issued.

Upon this evidence it is insisted that the court should either have awarded appellant a peremptory, or held that the verdict was flagrantly against the evidence.

In overruling appellant's motion for a new trial the lower court, while conceding that the preponderance of the evidence was largely in appellant's favor, held that, inasmuch as there was no pleading and no testimony tending to show that the insured was not in as good health when the policy was delivered as when the application was made, the appellant had failed in its defense. In announcing this conclusion, he followed the rule laid down in Metropolitan Life Insurance Co. v. Moore, 117 Ky., 651. In that case the court said:

"There is another defense based upon a condition in the terms of the policy itself, and which is as follows: 'No obligation is assumed by this company upon this policy until the first premium has been paid, and the policy duly delivered, nor unless upon the date of delivery the insured is alive and in sound health.' It is pleaded in the answer that the insured was not in sound health when the policy was delivered, and therefore, it is argued that the policy is void, and never created any obligation upon the company. The policy seems to have been delivered on the 6th of November, 1901, and the insured died in June, 1902. It was not pleaded that there had been any material change in the health of the insured between the date of the application and the time the policy was delivered. The information obtained by the application and the medical examination necessarily relates to the family history of the insured, his previous

condition of health, and the condition of his health at the time of the examination. It will be observed that in the condition quoted it is stated the policy is not binding 'unless upon the date of delivery the insured is alive and in sound health.' This clause does not have any reference to any unsoundness of health at the time of or previous to the application and medical examination. Although insured had not been in sound health at the time, and there had been no material change since then and the delivery of the policy, the clause would not render it void. When it is not shown, as in this case, that the unsoundness of health did not occur between the application and medical examination and the delivery of the policy, the company must rely on the statements in the application to avoid a recovery on the policy, not upon the clause in question. As to what is the meaning of the words 'sound health,' it is unnecesary here to define, or to state what unsoundness of health would prevent recovery, nor as to what delay would estop the insurance company from pleading the clause of the policy referred to as a defense to an action on the policy."

But it is insisted that the rule announced in the above case is not correct, and that the opinion should be overruled. Upon reconsideration of the question, however, the court deems it best to adhere to the doctrine therein announced.

This renders it unnecesary for us to pass upon the other questions raised.

Judgment affirmed.