## Modern Woodmen of America v. Atkinson.

(Decided May 2, 1913.)

### Appeal from Jefferson Circuit Court (Common Pleas Branch, First Division).

Insurance, Life—Condition as to Good Health.—The condition in a life policy that it shall not be binding upon the company unless the insured was in good health at the time of the delivery of the policy, applies only to unsoundness of health arising after the application and medical examination.

BENNETT H. YOUNG, SAMUEL G. TATE and TRUMAN PLANTZ for appellants.

SAMUEL W. GREENE, and D. MOXLEY for appellee.

OPINION OF THE COURT BY JUDGE MILLER—Affirming.

Ish S. Atkinson was examined on October 24, 1910, for membership in the Modern Woodmen of America. The membership carried $1,000 life insurance. In answer to the usual questions propounded in such cases, he said he was then in good health, and had never had consumption.

Atkinson worked in a lumber yard, and about that time had been caught in a rain and contracted what seemed to be no more than a cold, or a sore throat. The medical examination showed no symptoms of tuberculosis. Between December 7th and 15th, Atkinson was treated for laryngitis by the physician who had examined him on October 24th, and on December 15th his lungs seemed to be in bad condition. In the meantime Atkinson had remained at home, and had not paid his entrance fee or applied for admission into the lodge of appellant.

At the direction of his employer, Atkinson went to Dr. Lindenberger for examination. Dr. Lindenberger examined him on a day between December 1st and December 16th, and diagnosis his case as an advanced stage of pulmonary tuberculosis. Immediately after making the examination, Dr. Lindenberger sent Atkinson to the Tuberculosis Dispensary in Louisville, where he was examined by Dr. Wilson on December 16th, who found Atkinson suffering with pulmonary tuberculosis of the lungs. By dividing the stages of tuberculosis into three stages, and by then subdividing each of those stages into three stages, styled incipient one, two, and three; moderately-advanced one, two, and three; and far-advanced one, two, and three, Dr. Wilson described Atkinson as being in the stage known as moderately-advanced three.

At the urgent solicitation of the secretary of the lodge, who was a close personal friend of Atkinson, and who had urged him to apply for admission within sixty days after his examination in order to save the expense of a re-examination, Atkinson applied and was admitted as a member of the lodge and received his Benefit Certificate on December 20th. On January 8, 1911, Dr. Wilson sent Atkinson to the Hazelwood Sanitarium, near Louisville, and he remained there about a month. He was sent home, however, on February 5th, and died on February 22nd.

His wife, the appellee, Bertha Ray Atkinson, was the beneficiary of the policy; and she having recovered $1,000, the amount named in the policy, the society prosecutes this appeal.

Appellant's defense was predicted upon the alleged false answers made by Atkinson to the questions propounded to him in the application, it being charged in the answer that he had consumption on October 24th, when he made the answer. The truthfulness of the an-

swers was submitted to the jury in a proper instruction. It is further alleged, and it is true, that when Atkinson accepted the policy on December 20th, it contained a provision by which he affirmatively warranted that he was then in good health, when, as a matter of fact, he was then in an advanced stage of consumption. Appellant pleaded that this warranty was false, and that he was not in good health on December 20th, when he accepted the policy. It did not allege, however, that Atkinson's disease developed between the application on October 24th and December 20th, the date when the policy was delivered, or that his condition was, on the latter date, in any wise different from his condition on October 24th. The allegation that he was not in good health on December 20th does not, therefore, enlarge the defense based upon the charge that he gave false answers to the questions in the application.

In Metropolitan Life Ins. Co. v. Moore, 117 Ky., 651, it was expressly held by this court that a condition in a life-policy that it should not be binding upon the company unless, on the date of its delivery, the insured was in sound health, applied only to unsoundness of health arising after the application and medical examination. In that case, as in this, the defense was based upon a condition in the policy which provided that no obligation was assumed by the company unless, upon the date of the delivery of the policy, the insured was in sound health. In answering the contention of the company in that case that it was not liable because Moore was not in sound health at the time the policy was delivered, the court said:

"It is pleaded in the answer that the insured was not in sound health when the policy was delivered, and therefore it is argued that the policy is void, and never created any obligation upon the company. The policy seems to have been delivered on the 6th of November, 1901, and the insured died in June, 1902. It was not pleaded that there had been any material change in the health of the insured between the date of the application and the time the policy was delivered. The information obtained by the application and the medical examination necessarily relates to the family history of the insured, his previous condition of health, and the condition of his health at the time of the examination. It will be observed that in the condition quoted it is stated the policy is not binding 'unless upon the date of delivery the insured is alive and

in sound health.' This clause does not have reference to any unsoundness of health at the time of or previous to the application and medical examination. Although insured had not been in sound health at that time, and there had been no material change since then and the delivery of the policy, the clause would not render it void. When it is not shown, as in this case, that the unsoundness of health did not occur between the application and medical examination and the delivery of the policy, the company must rely on the statements in the application to avoid a recovery on the policy, not upon the clause in question.''

The rule there announced was approved and followed by this court in Western & Southern Life Ins. Co. v. Davis, 141 Ky., 360.

In the case at bar the circuit judge strictly followed the rule above announced, and submitted to the jury, in an appropriate instruction, the question of the truthfulness of the statements made by Atkinson in his application, and directed the jury to find a verdict for the appellant in case those answers were untrue. We are now asked to overrule the Moore case and the Davis case as being unsound, and contrary to the great weight of authority. This, in its different phases, is really the only ground urged in the argument for a reversal. The Moore case was not only carefully considered, but expressed the unanimous opinion of the court. And it was urged in the Davis case, as it is here, that the Moore case should be overruled; but the court not only declined to overrule it, but expressly followed it by basing its opinion upon the rule announced in the Moore case.

Under the circumstances, we consider the rule too well established to be departed from.

Judgment affirmed.