Hartsock v. Kaskaskia Livestock Ins. Co., 223 Ill. App. 433.

We are clearly of the opinion, from a consideration of all the evidence in the case, that it was not the intention of the parties that appellees should deduct the amount of the assessment bonds from the purchase price of the property.

Appellees having obtained the deed from the bank in violation of the terms of the escrow and having sold the land to a third party and thereby deprived appellant of his land, we are of the opinion that a right of action thereby accrued to appellant against appellees for the damages actually sustained by reason of such wrongful delivery and that the court erred in holding otherwise. The judgment is therefore reversed and the cause remanded.

*Reversed and remanded.*

## John C. Hartsock, Appellee, v. Kaskaskia Livestock Insurance Company, Appellant.

1. APPEAL AND ERROR—*how questions of law preserved for review.* To preserve for review by a court of appeal questions of law which are involved in a case, a litigant must submit to the court propositions of law covering such questions and have the same passed upon by the court, and a failure to do so will prevent the raising of such questions of law upon appeal.

2. APPEAL AND ERROR—*facts which court may go to record to ascertain.* The rule that propositions of law must be submitted to the lower court in order to preserve them for review on appeal does not preclude the reviewing court from considering the record to ascertain if error was committed in rulings on the matter of procedure nor from ascertaining from the record whether the finding was manifestly against the weight of evidence.

3. JUSTICES OF THE PEACE—*when circuit court cannot dismiss appealed case.* Where the circuit court is without jurisdiction of a case, appealed from a justice's court, because of a defect in the record, the circuit court may dismiss the appeal but cannot dismiss the case.

4. INSURANCE—*necessity of actual delivery of policy.* Unless made so by the contract of insurance, an actual delivery of a policy is not essential to its validity, it becoming binding upon the insurer when signed and forwarded to the agent who took the application, to be delivered to the insured.

5. INSURANCE—*duty of courts to enforce contract as made.* It is the duty of the courts to construe and enforce such agreements in an insurance contract as the parties have seen fit to make and not to make new contracts for them.

6. INSURANCE—*what principles of law control contracts.* Contracts for insurance rest upon and are controlled by the same principles of law that are applicable to other contracts.

7. CONTRACTS—*right of parties to fix terms.* When parties are competent to contract, they may make such contracts as they see fit, however stringent the terms may be, so long as the contract does not contravene the law or public policy.

8. INSURANCE—*validity of contract requirement of delivery of policy to insured while he is in good health.* A provision in a contract of insurance that it shall take effect only upon delivery of the policy to the insured while he is in good health is valid.

9. INSURANCE—*duty of court to ascertain parties' intention from written words in contract.* In construing a policy of insurance, it is the duty of the court to ascertain, if possible, the intention of the parties from the written words used by them in the contract.

10. INSURANCE—*when contract so construed as to give effect to plain import of words used.* While ambiguities in an insurance policy which is in the language of the insurer will be construed favorably to the insured, if the words of the contract are plain and unambiguous the contract must be so construed as to give effect to the plain import of the words used, unless to do so would lead to unreasonable or absurd consequences.

11. INSURANCE—*when insurer of live stock not liable before delivery of policy.* Where both the application and the policy for insurance of animals in plain and unambiguous terms provided that the policy should not be in force until it had been delivered to the insured by his postmaster, letter carrier or the company's agent while the animals it was intended to insure were in perfect health, the company was not liable upon the death of an animal before the policy was delivered to insured.

Appeal from the Circuit Court of Pike county; the Hon. HARRY HIGBEE, Judge, presiding. Heard in this court at the April term, 1921. Affirmed. Opinion filed October 25, 1921.

GEORGE C. WEAVER and LEE CAPPS, for appellant.

W. E. WILLIAMS and A. CLAY WILLIAMS, for appellee.

MR. JUSTICE HEARD delivered the opinion of the court.

This suit was commenced before a justice of the peace and from thence taken by appellant to the circuit court on appeal, where it was tried before the court, a jury having been waived. Judgment for $125 and costs was rendered in favor of appellee against appellant, from which judgment an appeal has been perfected to this court.

No propositions of law were submitted to the court upon the trial and it is contended by appellee that there is nothing before this court for review and that the judgment should be affirmed pro forma.

It is unquestionably the law that to preserve for review by a court of appeal questions of law which are involved in the decision of the case a litigant must submit to the court propositions of law covering such questions and have the same passed upon by the court, and that a failure so to do will prevent the raising of such questions of law upon appeal. *Mutual Protective League v. McKee*, 223 Ill. 364.

This rule, however, does not preclude a court of review from considering the record to determine whether error has been committed by the court in its ruling upon matters of procedure, nor is the court of review precluded thereby from ascertaining from the record whether or not the finding of the court was manifestly against the weight of the evidence.

Appellant filed in the circuit court a written motion to dismiss the case upon the ground that the transcript from the justice of the peace did not show the rendition of a judgment by the justice of the peace and that therefore the circuit court did not have jurisdiction of the case. Appellant took this appeal from the justice. His motion was not to dismiss the appeal, but to dismiss the case. Of course, if the court did

436     APPELLATE COURTS OF ILLINOIS.

Hartsock v. Kaskaskia Livestock Ins. Co., 223 Ill. App. 433.

not have jurisdiction of the case for the reason given, the court could properly on motion dismiss the appeal, but could not dismiss a suit of which it had no jurisdiction.

Appellant is a live stock insurance company, with its head office at Shelbyville. Appellee is a farmer residing near the Village of Pleasant Hill in Pike county and getting his mail at the post office in said village.

May 26, 1920, appellee, through an agent of appellant, made a written application to appellant, for a policy of insurance upon two mares owned by him. This application reached the head office of appellant June 9, 1920, and on that day the policy applied for was executed by appellant and deposited in the mail at Shelbyville at 7 p. m. of said day, and in the ordinary course of mail should have reached the post office at Pleasant Hill at noon on June 10.

The evidence shows that the mare in question, being one of the mares covered by the application, was taken sick about 6 o'clock p. m., June 10, and died about 10 o'clock a. m., June 11. Appellee got the policy of insurance from the post office at Pleasant Hill about two hours after the mare died. The application contains the following provisions: "It is agreed that this application shall become a part of the policy, if accepted at the Home Office and a policy issued thereon. * * * It is agreed that the Policy based on this application shall not be in force until Premium has been paid by Insured and Policy delivered to him by his postmaster, letter carrier or the Company's agent, which must be while the animal or animals it is intended to cover are in perfect health and condition." The policy contains the following provisions: (1) "It is agreed that the assured's application of same number as this policy is a part hereof. * * * (16) That it is agreed that this policy shall not be in force until it has been paid for and delivered to

the insured by his postmaster, letter carrier or the company's agent, which must be while the animal or animals it is intended to cover are in perfect health and condition."

Unless made so by the contract for insurance, an actual delivery of the policy of insurance to the insured is not essential to the validity of the contract, the rule in such case being that the policy becomes binding upon the insurer when signed and forwarded to the agent who took the application, to be delivered to the insured. *Rose v. Mutual Life Ins. Co.*, 240 Ill. 45; *Devine v. Federal Life Ins. Co.*, 250 Ill. 203.

The parties to an insurance contract, however, have the legal right to insert such provisions in the agreement as they see proper, and it is the duty of courts to construe and enforce such agreements as made and not to make new contracts for the parties. *Smith v. Brown*, 10 Ill. (5 Gilm.) 309; *Blume v. Pittsburgh Life & Trust Co.*, 263 Ill. 160.

Contracts of insurance rest upon and are controlled by the same principles of law that are applicable to other contracts. When parties are competent to contract, they may make such contracts as they see fit, however stringent the terms may be, so long as the contract does not contravene the law or public policy. *Chrisman v. Miller*, 21 Ill. 227; *Gregoric v. Prudential Ins. Co.*, 165 Ill. App. 570.

With the wisdom or folly of contracts entered into freely and without fraud, courts of law have no concern. *Florida Ass'n v. Stevens*, 61 Fla. 598; *Mizell Live Stock Co. v. J. J. McCaskill Co.*, 59 Fla. 322, 51 So. 547.

The validity of provisions in a contract of insurance that it shall take effect only upon the delivery of the policy to the insured while he is in good health is recognized by the Supreme Court in *Rose v. Mutual Life Ins. Co., supra,* and *Devine v. Federal Life Ins. Co., supra.*

In construing a policy of insurance, it is the duty of the court to ascertain, if possible, the intention of the parties from the written words used by them in the contract. *Swartz v. Hiler* (Mo. App.), 207 S. W. 258; *White v. Greenwood,* 40 Cal. App. 113, 180 Pac. 45.

While it is the law in this State that when there is any ambiguity in the language used in a policy of insurance, where the language is the language of the insurance company and not of the insured, in construing the language of such policy it should be favorably construed on behalf of the insured and so as not to defeat a recovery in favor of the insured (*Wilkinson v. Ætna Life Ins. Co.,* 240 Ill. 205); yet, if the words of the contract are plain and unambiguous, the contract must be so construed as to give effect to the plain and obvious import of the language used, unless to do so would lead to unreasonable or absurd consequences. *Bearss v. Ford,* 108 Ill. 16; *Kansas City v. Public Service Commission,* 276 Mo. 539, 210 S. W. 381; *Clarke & Co. v. Fidelity & Casualty Co. of New York,* 220 Ill. App. 576.

In the present case the application for insurance and the policy, both in plain unambiguous terms, stated that the policy should not be in force until it had been delivered to appellee by his postmaster, letter carrier or the company's agent, while the animals it was intended to cover were in perfect health.

The evidence fails to show such delivery, but on the contrary shows that the animal in question was dead when the policy was delivered to appellee. It necessarily follows that the finding of the court was so contrary to the manifest weight of the evidence of the case as to require a reversal of the judgment.

The judgment is reversed.

*Reversed with finding of facts.*

Finding of facts. We find that the policy of insurance upon which suit was brought was not in force

at the time of the death of the animal, for whose value suit is brought, and that appellant was not indebted to appellee upon said policy by reason of the death of said animal.