## National Life and Accident Insurance Company v. Wallace.

(Decided December 14, 1926.)

### Appeal from McCracken Circuit Court.

1. Insurance—Answers in Application Referred to in Insurance Policy, but Not Made Part Thereof, Held Inadmissible Under Statute (Ky. Stats., Section 679).—Alleged false answers in application for insurance policy, containing clause that company would not be presumed to know of previous policies unless expressly shown in application was not atached to policy or printed in policy, could not be proved, and could not be relied on in defense, in view of Ky. Stats., section 679.

2. Insurance—Provision Invalidating Policy Unless Insured was in Sound Health at Date of Issuance of Policy did Not Preclude Recovery, though Insured had Tuberculosis, Where Insured was Not Shown to Have Contracted Disease Between Date of Application and Date of Delivery.—Provision invalidating insurance policy unless insured was in sound health at date of issuance held not to preclude recovery for death of one having tuberculosis at date of delivery of policy, nearly a month after medical examination, where it was not shown that no such affliction existed at time of medical examination and making of application.

3. Appeal and Error—Appellate Court Must Approve Trial Court's Ruling, Properly Directing Verdict, Even Though Appellate Court's Grounds are Different from Those of Trial Court.—Where trial court had properly directed verdict in plaintiff's favor on different grounds from those relied on by appellate court, it was appellate court's duty to approve trial court's ruling.

L. B. ALEXANDER and C. C. GRASSHAM for appellant.

NICHOLS & NICHOLS for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE THOMAS—Affirming.

On December 8, 1924, the appellant and defendant below, National Life and Accident Insurance Company, issued a policy on the life of Dolly Wallace, who was the

wife of the appellee and plaintiff below. Clyde Wallace, by which it agreed and promised to pay plaintiff as the beneficiary in the policy the sum of $545.00 upon the death of the insured, his wife. She died on April 27, 1925, but defendant declined to pay the policy or any part of it, although the premiums were paid and the policy was in force if otherwise valid at the time of the death of the insured. This action was brought by plaintiff to recover its full amount, and the defense was (a), that the insured made false answers in her application for the policy, which was taken on November 12, 1924, nearly a month before the issuing of the policy, and (b), that it was stipulated in the face of the policy that "No obligation is assumed by the company prior to the date hereof, nor unless on said date the insured is alive and in sound health," and that the insured at the time of the delivery of the policy was afflicted with tuberculosis, of which she finally died. Subsequent pleadings made the issues as thus tendered by the answer, and at the close of the evidence the court sustained plaintiff's motion for a peremptory instruction in his favor, followed by a verdict as so directed, and from the judgment pronounced thereon defendant prosecutes this appeal.

It was pleaded under defense (a) that the insured falsely answered in her application that she was in good health at that time; that she stated that she was not then afflicted, nor had she ever been, with a number of catalogued diseases, including tuberculosis, when in truth and in fact she was then in an advanced stage of that disease; and that she falsely answered the question, "What medical or surgical attention have you had in the last five years?" by stating that during that period she had consulted Dr. Acree for lagrippe, which lasted only two weeks, when in truth and in fact she was at that time and for a considerable while prior thereto being treated by a chiropractic, which, it is argued, came within the purview of the falsely answered question, and that she fraudulently concealed the chiropractic treatment. Defendant offered to prove by Dr. Reddick, who saw the insured for the first time about two days before her death, that from his experience as a physician and the history of the case obtained at the time in the presence of and partially from the insured and her husband, that she had been afflicted with tuberculosis for as long as 18 months prior thereto. The court declined to permit him to base

his opinion on the history of the case so obtained by him, and that ruling of the court is one of the errors relied on for a reversal. The court, furthermore, necessarily was of the opinion that chiropractic treatment was not included in the question, ''What medical or surgical attention have you had in the last five years?'' and for that reason the concealment of that treatment by the insured did not avoid the policy; and that necessary ruling of the court (since he gave a peremptory instruction for plain-. tiff) is also urged as prejudicial error on this appeal. Lastly, it is argued under defense (b) that the insured was not in sound health when the policy was delivered, and for that reason the company did not assume the obligations of the policy and should not be required to pay it. We will dispose of these defences in the order named.

Necessarily, if the matters relied on under defense (a) are not in any event available to defendant, the alleged errors of the court in the rejection of testimony relating to them would not be prejudicial to defendant; for if it could not for any reason rely upon any false answers in the application, though indisputably proven, any ruling of the court, howsoever erroneous upon either the admission or rejection of testimony to establish such false answers, would not be material or prejudicial.

Section 679 of our statutes says, in part: ''All policies or certificates hereafter issued to persons within the Commonwealth of Kentucky by corporations transacting business therein under this law, which policies or certificates contain any reference to the application of the insured, or the by-laws, or the rules of the corporation, either as forming part of the policy or contract between the parties thereto, *or as having any bearing on said contract*, shall have such application, by-laws and rules, or parts thereof relied on as forming part of the policy or contract between the parties thereto or as having any bearing on said contract, attached to the policy or certificate, or printed on the face or reverse side thereof, and unless either so attached and accompanying the policy, or printed on the face or reverse side thereof, shall not be received as evidence in any action for the recovery of benefits provided by the policy or certificate, and shall not be considered as a part of the policy, or of the contract between the parties.'' (Our italics). The policy in this case does not expressly refer to and make the application a part of it, but there is contained therein this

clause: "The company shall not be presumed or held to know of the existence of any previous rejection, or any previous policy unless such fact or facts shall be expressly shown *in the application,* and the issue of this policy shall not be deemed a waiver of this condition." (Our italics.) That reference to the application in the face of the policy is sufficient to bring it within the purview of the statute, since it refers to the application as having some "bearing on said contract," and unless it or a copy thereof was attached to the policy, or printed on its face or reverse side, then defendant would not be allowed to introduce it or rely on any matter it contained, and which we have uniformly held since the date of the enactment of the statute. The application relied on in this case was not made a part of the policy, although referred to therein as *bearing upon the contract,* in any of the methods pointed out in the statute. On the contrary, it was entirely segregated therefrom and so far as appears was retained all the while within the possession of defendant, with no copy attached to or in any manner made a part of the policy. It was, therefore, incompetent to permit any proof upon any of the alleged false answers therein, and likewise incompetent for the court to permit the introduction of the application, which was done over the objections and exceptions of plaintiff. It is, therefore, clear that none of the errors relied on in defense (a) are available on this appeal.

In the very recent case of Metropolitan Life Insurance Company v. Walters, 215 Ky. 379, we had before us the proper interpretation and application of the stipulation in the policy relied on in defence (b), and which was couched in the identical language of the stipulation in this case. We therein reviewed some prior opinions of this court, one of which was rendered in the case of Western and Southern Life Insurance Co. v. Weber, 183 Ky. 32, and arrived at the conclusion that the stipulation in the policy against the assumption of obligation, unless the insured was in sound health at the date of the delivery of the policy, applied only to an unsoundness of health occurring between the time of the medical examination and the making of the application, and that of issuing the policy, and which construction had theretofore been adopted in the cases of Metropolitan Life Insurance Co. v. Moore, 117 Ky. 651, 79 S. W. 219; Western and Southern Life Insurance Co. v. Davis, 141 Ky. 360, 132 S. W.

410, and Modern Woodmen of America v. Atkinson, 153 Ky. 527, 155 S. W. 1135. There was no effort made in this case to prove that the alleged unsoundness of health of the insured, if any, at the date of the issuing and delivery of the policy occurred after the medical examination and the making of the application therefor. So that, defendant did not attempt to prove a case that would avail it as a defense under the doctrine of the cases cited. The fact that insured may have been afflicted in some degree with tuberculosis at the time of the delivery of the policy sued on, which, as we have seen, was nearly a month after the medical examination, and the making of the application, would not be a defense under the quoted policy clause, unless it was further shown that no such affliction existed at the time of the medical examination and the making of the application, but the opposite of which was attempted to be proven by defendant.

We are constrained to conclude, therefore, that there was no defense proven in this case and that the court properly directed a verdict in favor of plaintiff, although, perhaps, on different grounds than those herein outlined, and under numerous rulings of this court it is our duty under such circumstances to approve the ruling of the trial court, and the judgment is accordingly affirmed.