## Metropolitan Life Insurance Company v. Taylor's Administrator.

### (Decided April 29, 1927.)

### Appeal from Hopkins Circuit Court.

1. Insurance.—Condition in life policy that it is not binding, unless on date of delivery insured is in sound health, is not limited to unsoundness of health arising after application, where no medical examination or inspection was made.

2. Insurance.—Where policy could be declared void in case insured was not in sound health on date thereof, or had been attended by physicians within two years previous, answer alleging unsound

health of insured at date of policy and treatment for serious diseases within two years prior thereto held to constitute defense, in absence of waiver, where there had been no medical examination.

3.    Insurance.—Where application is not referred to in policy, it is admissible to prove fraud vitiating policy, though not attached thereto or made part thereof.

4.    Insurance.—Answer alleging insured made false statements in application not referred to in policy, which induced delivery of policy, held to constitute valid defense to action thereon, though application was not attached to, or made part of, policy.

C. J. WADDILL for appellant.

FOX & GORDON for appellee.

OPINION. OF THE COURT BY CHIEF JUSTICE CLAY— Reversing.

The Citizens' Bank & Trust Company, as administrator of Mary Taylor, brought this action against the Metropolitan Life Insurance Company to recover on a policy insuring the life of Mary Taylor for $268. The lower court sustained a demurrer to the second and third paragraphs of the answer and rendered judgment for plaintiff on the face of the pleading. Defendant has prayed an appeal.

Paragraphs 2 and 3, to which demurrers were sustained are as follows:

"2. Defendant for further answer says that the policy sued on was issued and delivered by it to insured subject to the following conditions made part thereof:

" '(1) If the insured is not in sound health on the date of said policy, or if within two years before said date the insured had been attended by a physician for any serious disease or complaint, or if before the date of said policy insured had had any pulmonary disease or chronic bronchitis or disease of the heart, liver or kidneys unless such disease is specifically recited in a written waiver signed by the secretary of the defendant, then in any such case the defendant may declare the policy void and the liability of the defendant in case of any claim under the policy shall be limited to the return of premiums paid on the policy.'

"Defendant says that the insured was not in sound health on the date of the policy; that within

two years before the date of said policy insured had been attended by a physician for serious diseases, to wit, pulmonary disease, chronic bronchitis, disease of the heart, disease of the kidneys, and dropsy; that within two years before the date of the policy insured had had pulmonary disease, chronic bronchitis, disease of the heart and kidneys and dropsy, and that each and all of said diseases caused and contributed to her death; that none of said diseases was recited in any waiver signed by the secretary of the company. Defendant further says that said policy is an industrial policy, and that same according to its custom in such cases, was issued and delivered without medical examination or inspection; that defendant did not know until after the death of insured either that she was not in sound health on the date of said policy or that she had been attended by a physician for any disease, or that she had ever had pulmonary disease or chronic bronchitis or disease of the heart or kidneys or any other disease; and that, if defendant had known of any of said facts, said policy would not have been issued or delivered, and, if it had known of any of said facts before the death, the said policy would have been declared void and premiums returned. Defendant says that immediately upon discovery by it of said facts, which was after the death of insured, and after the only claim of any beneficiary thereunder had been made, it promptly tendered and offered to pay all premiums paid under said policy, to wit, the sum of $3, which tender was refused, and that said tender was made and refused prior to the bringing of this action, and that defendant has at all times been tendering and offering to pay said sum of $3, and defendant now offers herewith and tenders into court the sum of $3 in full payment of all liability under said policy.

"3. Defendant for further answer says as follows: It admits the issual and delivery of the policy sued on, and says that same was issued and delivered on the faith and basis of the statements made by said Mary Taylor in her application for said policy, which statements were made by her to induce the issual of said policy, and which statements did in fact induce the issual of said policy. Said application containing said statements so signed by said

Mary Taylor was made and dated October 16, 1925. In said application said Mary Taylor stated as a basis for the issual of said policy as follows:

"'(1) I have never had any of the following complaints or diseases: Bronchitis, consumption, disease of heart, disease of lungs, disease of urinary organs, dropsy, rheumatism, or spitting blood.

"'(2) I am now in sound health.

"'(3) I have not been under the care of any physician within three years.'

"Defendant says that each of said statements was false and willfully misrepresented by said Mary Taylor in her said application; that within six months next before the signing and delivering of said application she had each of said diseases and that she was not in sound health at the time the application was made, nor at the time the policy was issued or delivered, and within said six months she had been under the care of a physician for serious disease, to wit, each of said diseases, and defendant says that her death was caused and directly contributed to by each of said diseases. Defendant says that said policy was and is an industrial policy, and was issued and delivered as is the uniform custom in such cases without any medical examination or inspection, but solely upon the faith of the truth of said application. Defendant did not know or discover the falsity of said statements until after the death of insured, and that immediately upon said discovery it duly tendered to the beneficiary thereof and to plaintiff all the premiums paid thereunder, to wit, the sum of $3, and defendant now tenders to this court, and others to pay, the said sum of $3 constituting the premiums paid, also six per cent. per annum, interest thereon from the date of the policy, in full of all its liability under said policy. Defendant says that it was induced to issue and deliver said policy solely on the faith of said statements in said application and in reliance upon the truth thereof; that, if the defendant had known that any of said statements were false, or if defendant had known that Mary Taylor had had any of said diseases, or if defendant had known that Mary Taylor was not in sound health on the date of the policy, or if defendant had known that said Mary Taylor had been under the care of any physician within two

years before the date of the policy for any of said diseases, then it would not have issued or delivered such policy, nor would any other reputable insurance company with like knowledge, acting reasonably and naturally in the usual course of business. Defendant says that by reason of the foregoing facts the said policy was and is void, and no liability accrued thereon, and the only amount due to plaintiff is the amount of premiums collected on said policy, and defendant now offers to confess judgment for the sum of $3 and six per cent. interest per annum from the date of the policy in full and all liability thereunder."

1. We have ruled in a number of cases that the condition in a life policy that it is not binding unless on the date of delivery the insured is in sound health applies only to unsoundness of health arising after the application and medical examination, and that, unless it is alleged and shown that the unsoundness of health occurred between the application and medical examination and the delivery of the policy, the company must rely on the statements in the application to avoid a recovery, and not on the conditions in the policy; and that a similar condition that the policy is void if the insured before its date has had certain specific diseases applies only to such diseases as have been contracted after the application and medical examination. Metropolitan Life Insurance Co. v. Moore, 117 Ky. 651, 79 S. W. 219; Western & Southern Life Insurance Co. v. Davis, 141 Ky. 360, 132 S. W. 410; Modern Woodmen of America v. Atkinson, 153 Ky. 527, 155 S. W. 1135; Metropolitan Life Insurance Co. v. Walters, 215 Ky. 379, 285 S. W. 252. Moreover, the rule does not depend on the extent of the examination or the name by which it is called, and applies both to a medical examination and what it termed an inspection. Metropolitan Life Insurance Co. v. Walters, supra. However, if it be true, as alleged in the second paragraph of the answer, that there was neither a medical examination nor an inspection, there is no basis for the contention that the condition in the policy refers to unsoundness of health or disease occurring after an event that has never taken place, and the reason for the rule ceases. Not only so, but with respect to the condition that the policy may be avoided if the insured, within two years before its date, has been attended by a physician for any serious disease

or complaint, the situation is different, and it cannot be said that the condition refers to the attendance of a physician after the medical examination, even though one had taken place. Metropolitan Life Insurance Co. v. Walters, supra. We are therefore constrained to hold that paragraph 2 presents a good defense, and that the demurrer thereto should have been overruled.

2. As the application was not referred to in the policy, it, though not attached to or made a part of the policy, was admissible to prove fraud vitiating the policy, and the failure to allege that it was attached to or made a part of the policy did not make paragraph 3 bad on demurrer. Western & Southern Life Insurance Co. v. Weber, 183 Ky. 32, 209 S. W. 716. As the allegations of paragraph 3 are otherwise sufficient to constitute a valid defense (Metropolitan Life Insurance Co. v. Walters, supra), it follows that the demurrer thereto should have been overruled.

Wherefore the appeal is granted, and the judgment is reversed and cause remanded for proceedings consistent with this opinion.