## National Life & Accident Insurance Company v. Jones.

(Decided June 21, 1929.)

FAUREST & FAUREST for appellant.

J. E. WISE for appellee.

OPINION OF THE COURT BY JUDGE REES—Affirming.

On February 27, 1928, the National Life & Accident Insurance Company issued to Gracie L. Jones a policy insuring her life in favor of her husband, Clarence Jones, for the sum of $261. Gracie L. Jones died on July 19, 1928, and the appellee brought this suit to recover on the policy.

For defense, the company relied on the following provision of the policy: "No obligation is assumed by the company prior to the date hereof, nor unless on the said date the insured is alive and in sound health. Should the proposed insured not be alive or not be in sound health on the date hereof, any amount paid to the company as premiums hereon shall be returned."

At the conclusion of the evidence, the lower court sustained plaintiff's motion for a directed verdict in his favor, and the company has filed a motion in this court for an appeal.

The application for the policy was signed by the insured on February 17, 1928, and among the questions contained therein was one as to whether the applicant had ever had a number of named diseases, including tuberculosis, to which she answered, "No." With the application forwarded to the company was an inspection report signed by its agent which contained the following question and answer:

"Q. Are you satisfied from information and observation that the applicant is in sound health and without any deformity, lameness, or physical defect? A. Yes."

It was shown by the testimony of three physicians that the insured died of tuberculosis, and that she was suffering from tuberculosis prior to February 17, 1928, when she signed the application, and that she had been so informed. One witness who was present when the application was signed testified that the insured notified the agent that she had been told by physicians that she was suffering from tuberculosis, but this the agent denied. However, the company failed to rely upon the falsity and materiality of the answer of the insured to any question contained in the application, but relied solely as a defense upon the clause of the policy heretofore quoted.

It is the settled rule in this state that such a condition in a life policy applies only to unsoundness of health arising between the application and medical examination or inspection and the delivery of the policy, and, unless it is shown that the unsoundness of health occurred after the date of the application and medical examination and before the delivery of the policy, the insurer must rely on the statements in the application to avoid a recovery and not on the conditions in the policy. Metropolitan Life Insurance Co. v. Moore, 117 Ky. 651, 79 S. W. 219, 25 Ky. Law Rep. 1613; Western & Southern Life Insurance Co. v. Davis, 141 Ky. 358, 132 S. W. 410; Metropolitan Life Insurance Co. v. Walters, 215 Ky. 379, 285 S. W. 252; National Life & Accident Insurance Co. v. Wallace, 217 Ky. 160, 289 S. W. 219; Metropolitan Life Insurance Co. v. Taylor's Adm'r, 219 Ky. 549, 293 S. W. 1061; Etter v. National Life & Accident Insurance Co., 228 Ky. 399, 15 S. W. (2d) 242.

It is insisted that this rule does not apply in this case, since no medical examination was had, but a similar contention was made in Metropolitan Life Insurance Co. v. Walters, supra, and the court said: "If it be contended that the rule is not applicable in this case because there was no medical examination, but only an inspection of the applicant, the answer is that the rule is sound and should not be made to turn on the extent of the examination or the name by which it is called."

And in Metropolitan Life Insurance Co. v. Taylor's Adm'r, supra, it was said: "The rule does not depend on the extent of the examination or the name by which it is called, and applies both to a medical examination and what is termed an inspection."

As the applicant relied solely on the quoted condition in the policy as a defense, and, since this condition has no application under the facts of this case, it follows that the lower court properly sustained plaintiff's motion for a directed verdict.

Wherefore the motion for an appeal is overruled, the appeal denied, and the judgment affirmed.