Ellen James, Appellee, v. The National Life & Accident Insurance Company, Appellant.

Heard in this court at the October term, 1931. Opinion filed February 1, 1932. Rehearing denied March 7, 1932.

JAMES K. MORAN and B. E. HAMILTON, for appellant; KARCH, HENDRICKS & MORAN, of counsel.

FRANK M. SUMMERS, for appellee.

MR. PRESIDING JUSTICE BARRY delivered the opinion of the court.

Appellee sued on a life insurance policy and recovered a verdict and judgment. Appellant insists that the judgment must be reversed, not because proofs of death were not furnished, but for the reason that appellee failed to show that they were. Before the trial appellee gave appellant written notice to produce on the trial the proofs which she had submitted. The filing of the suit was also notice to produce the proofs. Appellee testified that she made application for payment of the insurance on the proper forms but no payment was made. Appellant offered no evidence tending to show that proofs were not furnished, that they were defective or that objection was made to them. It is a reasonable inference from the evidence that proofs were made. *Continental Life Ins. Co. v. Rogers*, 119 Ill. 47.

Appellant waived proofs of death. There was a judgment by default against appellant and a motion to set it aside. The motion was supported by the affidavit of one of appellant's attorneys in which the defense to the suit was stated to be that the insurance policy contained a provision, in substance, that it was issued upon the assumption that at the time of its delivery the insurer was in sound health; that she was not then in sound health, but was suffering from pulmonary tuberculosis; that the policy was issued on October 5, 1927, and the insured died from that ailment on June 14, 1928, and by reason thereof the policy

was never in force. By placing its defense upon that ground appellant waived all other defenses, and it would have been useless, under the circumstances, to furnish proofs.

The policy provides that "no obligation is assumed by the Company prior to the date hereof, nor unless on said date the insured is alive and in sound health." Appellant insists that this is a condition precedent and as appellee failed to prove that the insured was in sound health when the policy was delivered the judgment must be reversed under *Weber v. Prudential Ins. Co.*, 284 Ill. 326; *Ellis v. State Mut. Life Assur. Co.*, 206 Ill. App. 226; *Hartsock v. Kaskaskia Livestock Ins. Co.*, 223 Ill. App. 433, and other Appellate Court cases. In all of the cases just cited the applicants died before the policies were actually delivered. The cases were correctly decided but are not applicable to the situation here presented as the policy was delivered more than eight months before the death of the insured. In the other Appellate Court cases relied on by appellant, the policies were delivered but the courts improperly followed the rule of law laid down in the cases above cited. The distinction between cases where the policies were delivered and those where they were not was overlooked.

In the case at bar the application for insurance was signed on September 12, 1927, and appellant's medical examiner found and reported that the applicant was a first class risk. The policy was issued October 3, 1927, and delivered at a later date without making inquiry as to the condition of the health of the insured. We think that in such cases the correct rule of law is that if any length of time elapses between the making of the application and the issuing of the policy, it is the duty of the insurer to make inquiry when the policy is delivered as to the condition of the health of the insured, and if it fails to do so the delivery is conclusive against the insurer as to the completion of the con-

tract. *American Trust Co. v. Life Ins. Co. of Virginia,* 173 N. C. 558, 92 S. E. 706; *Grier v. Mutual Life Ins. Co.,* 132 N. C. 542, 44 S. E. 28; *National Life Ins. Co. v. Grady,* 185 N. C. 348, 117 S. E. 289. We followed those cases in *Hungate v. New York Life Ins. Co.,* in an opinion filed at the present term of this court.

It has been held that such a provision as the one in question merely means that the applicant has not contracted a disease between the date of the application and the issuance of the policy. *Johnson v. Royal Neighbors of America,* 253 Ill. 570; *Western & Southern Life Ins. Co. v. Davis,* 141 Ky. 358, 132 S. W. 410; *Modern Woodmen of America v. Atkinson,* 153 Ky. 527, 155 S. W. 1135; *Chinery v. Metropolitan Life Ins. Co.,* 182 N. Y. S. 555. The provision does not apply to the condition that existed prior to and at the time of the making of the application. If a condition so existing is relied upon as a defense it must be based upon some other provision of the insurance contract. In the case at bar there is no other provision. Appellant offered no evidence tending to prove that the insured contracted the disease which caused her death since the making of the application and before the issuance of the policy. On the contrary, it relies upon a statement in the death certificate that the insured had the disease for two years prior to her death.

It is argued that the policy does not make the application a part of the contract and for that reason the court erred in admitting the application in evidence. We are of the opinion that appellee was entitled to prove the fact that there was a written application and the date thereof. The application itself was the best evidence of its having been made and of its date. From what we have said it follows, necessarily, that the court did not err in its rulings on instructions or in the admission or exclusion of evidence. The judgment is affirmed.

*Affirmed.*