Logan E. Hungate, Appellant, v. New York Life Insurance Company, Appellee.

258

filed February 1, 1932. Rehearing denied February 22, 1932.

Moses Pulverman and Tilman B. Cantrell, for appellant.

Layman & Johnson and Scott, MacLeish & Falk, for appellee; Homer H. Cooper and Wendell J. Brown, of counsel.

Mr. Presiding Justice Barry delivered the opinion of the court.

An agent of appellee, on July 31, 1930, procured the application of appellant's wife for an insurance policy of $2,000 on her life, in which policy appellant was to be the beneficiary. At that time she paid $10 to the agent to apply on the premium and was examined by appellee's medical examiner. Appellee approved the application and the examiner's report, issued the policy on August 5, 1930, and sent it to its agent for delivery upon payment of $44.98, the balance of the first premium. The agent delivered the policy on August 13, 1930, and collected the balance of the premium. One month later the annual premium, due September 30, 1930, was paid. The insured died October 2, 1930 and appellee denied liability. Appellant sued and at the

close of the evidence each party asked for a directed verdict. Appellant's motion was denied and there was a directed verdict in favor of appellee, upon which judgment was rendered.

The insured consulted a physician on August 12, 1930, the day before the policy was delivered. Appellee insists that the judgment should be affirmed because the policy never became effective. That contention is based on the provision of the application which reads: "It is mutually agreed as follows: (1) that the insurance hereby applied for shall not take effect unless and until the policy is delivered to and received by the applicant and the first premium thereon paid in full during his lifetime, and then only if the applicant has not consulted or been treated by any physician since his medical examination." The application further provides that if all of the first premium is paid to the agent at the time the application is made and a certain receipt is given by the agent the insurance shall take effect and be in force from the date of the application whether the policy be delivered or not.

The provision above quoted is a part of the printed form of the application. The application contained written provisions which were in direct conflict with the one quoted. In construing a contract drawn upon a printed form by filling in blank spaces with writing, the written part will, in case of conflict, control. *City of Chicago v. Weir,* 165 Ill. 582; 14 R. C. L. 933. In answer to the question as to how the premiums should be payable, the agent who procured and filled out the application, wrote therein the following: "Consideration to October 1, then annual." In answer to the question as to what should be the date of the policy, he wrote "October 1st—1930." The application contained a blank space for additions or amendments to be made by the Home Office. It also contained a clause to the effect that if the applicant accepted the policy she would thereby ratify any additions or amendments

inserted in the blank space by appellee. Appellee inserted in the blank space the following: "Written with proportionate premium from the 30 day of March, 1930 to the 30 day of September, 1930."

That insertion clearly shows that appellee understood the application to mean that the insured was to have insurance in full force and effect from March 30, 1930 and the premium charged and paid was for insurance from that date to September 30, 1930. Appellee' then issued the policy which expressly provides, without qualification, that "this policy takes effect as of the thirtieth day of March Nineteen Hundred and Thirty." Then, according to that provision the policy was in effect from March 30, 1930, while the provision in the application is that the insurance would never take effect if the insured had consulted a physician since her medical examination. There is a direct conflict between the application and the express language of the policy. Where there are conflicting clauses in the contract, the one which affords the most protection to the insured will control. *Monahan v. Fidelity Mut. Life Ins. Co.*, 242 Ill. 488; *Nalty v. Federal Casualty Co.*, 245 Ill. App. 180; *Mutual Life Ins. Co. v. Hurni Packing Co.*, 263 U. S. 167.

When appellee delivered the policy containing the provision that it was to take effect as of March 30, 1930, and collected premium from that date, it should not be heard to say that the policy was never in effect. How could it be in effect as of that date under its terms and the insurance applied for not in effect under the provisions in the application? It has been held that if any length of time elapses between the making of the application and the issuing of the policy, it is the duty of the insurer to make inquiry when the policy is delivered as to the condition of the health of the insured, and if it fails to do so the delivery is conclusive against the insurer as to the completion of the contract. *American Trust Co. v. Life Ins. Co. of Virginia*, 173 N. C.

558, 92 S. E. 706; *Grier v. Mutual Life Ins. Co.,* 132 N. C. 542, 546, 44 S. E. 28; *National Life Ins. Co. v. Grady,* 185 N. C. 348, 117 S. E. 289. The contracts in those cases contained provisions that they should not take effect until the first premium was paid, nor unless on the date of payment thereof the insured was alive and in sound health.

In the case at bar appellee construed the provision in the application to mean that before the actual delivery of the policy it should make inquiry as to whether the applicant had consulted a physician since her medical examination and if it was found that she had done so, the delivery of the policy would be withheld. This is apparent from the fact that when appellee sent the policy to the agent for delivery he was instructed that he should not deliver it if the applicant had consulted a physician since her medical examination, and if she had he should return the policy to appellee. The agent had been in the employ of appellee for six years and he says he knew the terms of the application and the policy. Before he delivered the policy he saw the applicant and her husband but did not ask either of them about her health or whether she had consulted a physician. Under the cases above cited it was the duty of appellee to make inquiry, and having failed to do so the delivery should be held conclusive against appellee as to the completion of the contract. The agent further said that as far as he knew at that time, the delivery of the policy closed the transaction. If that was his conclusion after six years' experience as agent for appellee why should the applicant, a woman without experience in such matters, be expected to know that it was her duty to inform the agent, without being interrogated, that she had consulted a physician? There is no language in the application or the policy that says she should do so.

Appellee contends that the provision in the application created a condition precedent and that appellant

cannot recover because the applicant consulted a physician. *Weber v. Prudential Ins. Co.,* 284 Ill. 326; *Ellis v. State Mut. Life Assur. Co.,* 206 Ill. App. 226; *Hartsock v. Kaskaskia Livestock Ins. Co.,* 223 Ill. App. 433, were cited in support of that contention. In all of those cases the applicants died before the policies were actually delivered and for that reason are not applicable to the situation here presented. There are other Appellate Court cases which take the same view even though the policies were delivered but they are based upon the cases last above cited. To so construe the provision in question would render it very unreasonable. The mere fact that an applicant consulted a physician about the most trivial ailment would be sufficient to prevent the policy from going into effect unless the insurer was advised of the fact. The applicant might pay the premium for several years thinking she had insurance but when she died the beneficiary would find that the contract never became effective. Even an incontestable clause would not apply if a policy never became a valid and binding contract. Such a construction would be abhorrent to reason and justice.

Insurance contracts frequently provide that the policy shall not be in effect unless when delivered the insured is in sound health. Such a provision has been held to merely mean that the applicant has not contracted a disease between the date of the application and the issuance of the policy; *Johnson v. Royal Neighbors of America,* 253 Ill. 570; *Western & Southern Life Ins. Co. v. Davis,* 141 Ky. 358, 132 S. W. 410; *Modern Woodmen of America v. Atkinson,* 153 Ky. 527, 155 S. W. 1135; *Chinery v. Metropolitan Life Ins. Co.,* 182 N. Y. S. 555. Under that rule of law the provision in question in the case at bar can very well be construed to merely mean that the applicant has not consulted a physician in regard to a disease contracted since the making of her application and before the delivery of

the policy. The application was made July 31, 1930, the physician was consulted August 12 and the policy was delivered on the following day. When the physician was consulted on August 12, he found the applicant had a well developed tumor which later turned out to be an ovarian cancer and her death resulted therefrom. There is no evidence that her ailment was contracted after the making of the application and before the delivery of the policy. It is a fair and reasonable inference from the evidence that the disease for which she consulted the physician existed prior to the making of the application for insurance. That being true, the provision in the application was not violated under the cases last above cited and it presents no defense to the action. Appellee makes no claim that the same facts constitute a defense under any other provision of the contract nor does it intimate that the applicant was guilty of any fraud or false representations.

When both parties moved the court for a directed verdict it was equivalent to the submission of the case to the court for trial without a jury. The judgment is reversed and the cause remanded with directions to render judgment for appellant for the amount of the policy with interest thereon.

*Reversed and remanded with directions.*

The clerk will insert in the judgment the following: ''The Court finds that the policy in question was a valid and binding contract and was in full force and effect at the time of the death of the insured and that appellant is entitled to recover the amount of the policy with interest thereon.''