Michelina Auriemma and Clara Auriemma, Admin-
istratrix of Estate of Paschuala Auriemma, De-
ceased, Appellees, v. Western and Southern Life
Insurance Company, Appellant.

Gen. No. 42,638.

Opinion filed May 29, 1944.

Hoyne, O'Connor, Rubinkam & Melaniphy, of Chicago, for appellant; Nathaniel Rubinkam and John C. Melaniphy, both of Chicago, of counsel.

David S. Chesrow and Barney L. Hollowick, both of Chicago, for appellees.

Mr. Justice Niemeyer delivered the opinion of the court.

Defendant appeals from a judgment against it entered on an industrial life insurance policy issued by it for $500.

The amended statement of claim alleges the execution and delivery of the policy on October 28, 1940, and the death of the insured on February 18, 1941 from cirrhosis of the liver. Defendant's second amended answer alleges that the policy was issued without a medical examination or inspection by a doctor and contained a provision that, subject to the provision headed "Incontestability," not here involved, "no obligation is assumed by the company unless on the date and delivery of this policy the insured is alive and in sound health"; that the insured was not in sound health at and prior to the date of application or on the date of delivery of the policy, but was suffering from a serious ailment, namely cirrhosis of the liver, and that by reason thereof the company did not incur any obligation by the issuance of the policy. An alternative defense, based on alleged false answers to questions in the application, which was not attached to or made a part of the policy, has been abandoned by defendant. On motion of plaintiff the answer was stricken and judgment entered against defendant.

The right of an insurer to set up as a defense the breach of a similar condition precedent, the application not being attached to or made a part of the policy, has been sustained in *Anderson v. John Hancock Mut. Life Ins. Co.*, 316 Ill. App. 338, decided shortly before

the entry of judgment in the instant case. Plaintiff, however, insists that the provision in the policy relating to sound health is applicable only when there has been a change in the health of the insured between the time of the application and the delivery of the policy. She relies on *Johnson v. Royal Neighbors of America,* 253 Ill. 570; *James v. National Life & Accident Ins. Co.,* 265 Ill. App. 436; *Hungate v. New York Life Ins. Co.,* 267 Ill. App. 257; *Fairfield v. Union Life Ins. Co.,* 196 Ill. App. 7; *Walsh v. Prudential Ins. Co. of America,* 285 Ill. App. 226; *Western & Southern Life Ins. Co. v. Davis,* 141 Ky. 358; *Modern Woodmen of America v. Atkinson,* 153 Ky. 527; *Chinery v. Metropolitan Life Ins. Co.,* 112 Misc. 107, 182 N. Y. S. 555; *Interstate Life & Accident Ins. Co. v. McMahon,* 50 Ga. App. 543, 179 S. E. 132, 135. In each of the cases cited, except *Walsh v. Prudential Ins. Co. of America,* and *Interstate Life & Accident Ins. Co. v. McMahon,* the policy was issued upon medical examination by the company physician. In the two cases where medical examination was not had, the authorities relied upon were cases in which such examination was had. In *Bronarczyk v. Prudential Ins. Co. of America,* 298 Ill. App. 621 (Abst.), where the policy was issued without examination, the second division of this court held adversely to plaintiffs' contention that the provision of the policy as to sound health, relied upon by defendant, does not apply to a condition that existed prior to and at the time of making the application. As in the present case, *James v. National Life & Accident Ins. Co., Johnson v. Royal Neighbors of America,* and *Walsh v. Prudential Ins. Co. of America,* were relied upon by plaintiff. These cases were held to be inapplicable and attention directed to the fact that ''The several cases cited by plaintiff in support of this contention were all based upon policies issued pursuant to a medical examination.'' In the note to the annotation in 17 L. R. A. (New Series) 1144, in referring to

stipulations that the policy shall not take effect unless the insured is in good health when the policy is delivered, it is said: "It may be said generally that such stipulations are valid and binding, and that there can be no recovery if the policy is delivered to assured while he is in ill health, provided that neither the insurer nor any authorized agent had knowledge thereof; and this is true, by the weight of authority, even if the illness arose before the time of the application and medical examination."

Limiting our decision to the question before us, we hold that in cases like the present where there has been no medical examination, conditions in the policy as to sound health apply to the health of the insured at the delivery of the policy, irrespective of whether or not the ill health existed at or before the application for the policy.

The judgment of the municipal court of Chicago is reversed and the cause remanded with directions to proceed in accordance with this opinion.

*Reversed and remanded with directions.*

O'CONNOR, P. J., and MATCHETT, J., concur.